PATTERSON, Presiding Judge.
Johnson appeals from the trial court’s denial of his petition for writ of habeas corpus wherein he contested the ruling in his 1990 prison disciplinary proceeding based on an allegation of aiding and abetting. He specifically contended that he was denied due process guaranteed by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), because the hearing officer’s finding of guilt was based on insufficient evidence. The disciplinary report reflects the hearing officer’s findings of fact as follows:
“1) That on the date in question, inmate R.S. was sexually assaulted by inmate J.C. in the inmate barber shop. 2) That an officer has to open the barber shop on the first opening, then the barber has his own lock on the door. 3) That the victim of this sexual assault accused inmate Johnson of locking the door after C. tricked S. into going into the barber shop. 4) That S. was given a polygraph test which indicated he was telling the truth in his allegations.”
As a basis for these findings of fact, the report reflects the following:
“The statement of the [arresting officer] that inmate S. did accuse Johnson of locking them in the barber shop. This was corroborated by the polygraph test which indicated that S. was telling the truth. The accused did have access to the barber shop according to the [arresting officer’s] statement that after the shop was initially unlocked, the barber has his own lock. None of the accused’s witnesses could alibi the accused as their time was uncertain and they could not say the accused was in the TV room *1290 during the entire hour in which the assault is alleged to have happened.”
The only testimony that Johnson locked the victim and his assailant into the barber shop and, indeed, that the victim had been sexually assaulted, was the hearsay testimony of the arresting officer, who acknowledged that he did not witness any of the alleged event or know of any witness who could corroborate the victim’s assertion that Johnson locked him in the barber shop. “We have held that, while hearsay testimony may be admissible in prison disciplinary hearings, it may not be sufficient by itself in all cases to support a finding of guilt.” Pearsall v. State, 564 So.2d 1014, 1016 (Ala.Cr.App.1989), aff’d in pertinent part, 564 So.2d 1017 (Ala.1990). Taking into consideration all the instant circumstances, we find that the hearsay testimony was not sufficient to meet the “some” evidence standard of Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The record offers nothing to indicate the reliability of the accusation, and we find no worthwhile corroboration in the polygraph test. In fact, to condone the use of the polygraph results, in this instance, would only compound the unfairness and unreliability of the officer’s finding of guilt. Neither the hearsay accusation nor the results of the polygraph test have any probative value— separately or together. The appellee cites no authority to the contrary. Finally, the record offers no reason why testimony of Inmate R.S. was not presented to the hearing officer.
Accordingly, we reverse and remand the trial court’s judgment denying Johnson’s petition.
REVERSED AND REMANDED.
All Judges concur.