This is an appeal from the denial of a petition for writ of habeas corpus challenging the 1991 action of a prison disciplinary committee.
The petitioner was charged with, and was found guilty of, "fail[ing] to obey Chaplain Robert Simmons' direct order not to play the keyboard in religious services." R. 8. The only evidence at the disciplinary hearing was the chaplain's testimony that *Page 754 
he had ordered the petitioner not to play the "keyboard" and that the appellant had disobeyed those orders and had played the keyboard. The chaplain's testimony that the appellant had in fact played the keyboard was based upon what the chaplain had been told by other inmates.
In Owens v. State, 507 So.2d 576, 579 (Ala.Cr.App. 1987), this Court held that "[w]hile hearsay testimony may be admissible [at prison disciplinary hearings], it may not be sufficient by itself in all cases to support a finding of guilt." As in Johnson v. State, 576 So.2d 1289, 1290
(Ala.Cr.App. 1991):
 "Taking into consideration all the instant circumstances, we find that the hearsay testimony was not sufficient to meet the 'some' evidence standard of Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The record offers nothing to indicate the reliability of the accusation, and we find no worthwhile corroboration. . . . Finally, the record offers no reason why testimony of [the inmates] was not presented to the hearing officer."
The judgment of the circuit court denying the petition is reversed. The circuit court is directed to grant the petition for writ of habeas corpus and to order the disciplinary action expunged from the petitioner's prison record.
REVERSED AND REMANDED.
All Judges concur.