603 So.2d 1125 (1992)
Oliver YOUNG
v.
STATE.
CR-90-1864.
Court of Criminal Appeals of Alabama.
August 21, 1992.
Oliver Young, pro se.
James H. Evans, Atty. Gen., and Harry A. Lyles, Ala. Dept. of Corrections.
MONTIEL, Judge.
Oliver Young filed a petition for writ of habeas corpus challenging his prison discipline for theft. At the disciplinary hearing, Officer Ashcraft stated that a reliable informant told him that the appellant had taken the keys to the prison kitchen and that he had later returned them to the lobby area. Officer Black testified that she believed that the appellant took the keys because she saw the appellant standing near the lobby around the time that the kitchen keys were missing and because a disciplinary charge had been filed against the appellant by the mess steward. The appellant was found guilty of theft and was sentenced to 30 days' disciplinary segregation and 30 days' loss of store and telephone privileges.
The appellant contends on appeal that he was denied due process because the hearing officer did not make an independent determination that the informant who told Officer Ashcraft that the appellant had taken the keys was reliable. We agree.
"In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of an investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to be reliable, there must be some independent determination by the committee of the informant's reliability. In such cases, unless the committee makes an independent determination about what the facts of the alleged misconduct are by deciding, minimally, that the hearsay information has been supplied by a reliable informant, it is merely recording the *1126 findings made by the investigating officer who has made a determination about the informant's reliability, without making any determination for itself about the informant's reliability or even the basis for the investigator's opinion that the informant is reliable. To proceed in that fashion is not fact finding. It is recordkeeping.
"In its best light, such a procedure is an unwarranted delegation to the investigator of a key aspect of the committee's adjudicative function; in its worst, it suggests a willful reluctance to probe the possibly flawed foundation of the charges against inmates. Reliance upon an investigating officer's statement that an informant is reliable is not necessarily a fatal procedural flaw, but if the committee does not discover, and assist, the investigating officers's basis for concluding that the informant is reliable, it cannot be said that the committee has made reasoned choices about the truth of the information provided to it, as minimum due process requires it to do. While the Due Process Clause does not, in prison discipline cases, require the appearance of the confidential informant before the adjudicating committee, or that the informant's identity be disclosed to the accused, or even to the disciplinary committee members, it requires at the very least that the committee have some evidentiary basis, even hearsay, upon which to determine for itself that the informant's story is probably credible."
Hensley v. Wilson, 850 F.2d 269, 276-77 (6th Cir.1988). In Kyle v. Hanberry, 677 F.2d 1386, 1390 (11th Cir.1982), the Eleventh Circuit Court of Appeals held that when a disciplinary committee's decision is
"based upon hearsay information derived from an unidentified informant, minimum due process mandates that the [disciplinary committee] undertake in good faith to establish the informant's reliability, at least to its own satisfaction. There must be some information on the record from which a tribunal can reasonably conclude that the [disciplinary committee] undertook such an inquiry and, upon such inquiry concluded that the informant was reliable."
Accord Gomes v. Travisono, 510 F.2d 537 (1st Cir.1974); Helms v. Hewitt, 655 F.2d 487 (3d Cir. 1981), rev'd on other grounds, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Mendoza v. Miller, 779 F.2d 1287 (7th Cir.1985); Freitas v. Auger, 837 F.2d 806 (8th Cir.1988); Zimmerlee v. Keeney, 831 F.2d 183 (9th Cir.1987); Taylor v. Wallace, 931 F.2d 698 (10th Cir.1991). Contra Baker v. Lyles, 904 F.2d 925 (4th Cir.1990). See generally, J. Gobert and N. Cohen, Rights of Prisoners, § 8.05 (1981).
The evidence against the appellant consisted mainly of the testimony of Officer Ashcraft, who stated that the informant had told him that the appellant took the keys. The record in this case is silent as to whether the hearing officer made an independent determination of the reliability of the informant. Although Officer Ashcraft stated in his affidavit that this informant had been reliable in the past, there is nothing in the record to show why Officer Ashcraft considered this informant reliable. Thus, this bare assertion by Officer Ashcraft that the informant was reliable is insufficient to establish that the hearing officer independently determined that the informant was reliable. Kyle; Taylor; Shumway v. Oregon State Penitentiary, Corrections Division, 294 Or. 462, 657 P.2d 686 (1983). There must be some indication in the record that the hearing officer inquired into the reliability of the informant and that a determination was made that the informant had been reliable in the past.
The state argues that any reliance by the hearing officer on the information provided by the informant to Officer Ashcraft is harmless because Officer Black's testimony provided "some evidence" of the appellant's guilt. Under the facts of this case, Black's testimony was not sufficient to establish the appellant's guilt of this offense. Officer's Black's testimony was that she had seen the appellant in the area where the keys were kept. There is no indication in the record as to how many other inmates were in this same area at the time Officer Black observed the appellant, although *1127 there was at least one other inmate near the appellant when he was seen by Black. Officer Black's specific observation of the appellant may have been made if she had previously been told by Officer Ashcraft of the information about the appellant that was provided to him by the informant.
Thus, the judgment is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.