PATTERSON, Judge.
Johnny Hughley appeals the dismissal of his petition for a writ of habeas corpus. His petition states that he is a prison inmate; that he was charged in two prison disciplinary proceedings with making threats and with inciting to riot, in violation of prison regulations; that separate hearings on those charges were held before a hearing officer; that the hearing officer found him guilty as charged; and that he was ordered, inter alia, to serve 45 days’ disciplinary segregation for each violation. The sentences were ordered to run consecutively. He avers in his petition that he was denied due process because, he says, the hearing officer’s findings of guilt were based on insufficient evidence. He further avers that the evidence was insufficient because, he says, the hearing officer’s findings were based solely on hearsay testimony.
The state moved to dismiss the petition, categorically denying the averments in the petition and averring generally that Hughley had been afforded all of his constitutional rights. Attached to the state’s motion to dismiss are copies of the reports of the disciplinary proceedings. The trial court summarily granted the state’s motion. In its order denying the petition, the trial court stated that the evidence was sufficient to support the findings of guilty and that Hugh-ley’s due process rights were not violated by the use of hearsay evidence.
Hughley appealed and is represented on appeal by appointed counsel. Only one issue is raised in his brief. He contends that the trial court erred in denying his petition as to his disciplinary for inciting a riot, arguing that the evidence was insufficient to support that charge. He states in his brief that he is not appealing the disciplinary for making threats. He gives no reason for not appealing that disciplinary.
In reviewing Hughley’s issue in the context of the record before us, we are unable to review the determinations made by the hearing officer. It appears that the hearing officer’s findings were based upon Officer Eddie Carter’s testimony, which is hearsay, and we cannot discern from the disciplinary proceeding reports whether the hearing officer heard any other testimony or had any other evidence before him. Attached to these reports are what appear to be handwritten statements of alleged witnesses to the violations and answers by some of those alleged wit *704 nesses to questions apparently submitted by Hughley. We are unable to determine with certainty which, if any, of those alleged witnesses actually testified before the hearing officer and which documents, if any, were introduced in the proceedings. In order to address the issue raised by Hughley, it is necessary that we be able to distinguish between the hearsay and any non-hearsay evidence considered by the hearing officer and, in the event that the officer had before him only hearsay, to determine whether the hearsay has sufficient indicia of reliability. We cannot make these determinations from this record. As the record presently stands, we cannot uphold the trial court’s ruling that the minimum standards of due process were met in this ease.
For this reason, we find it necessary to remand this case to the trial court with instructions to hold an evidentiary hearing on Hughley’s petition for a writ of habeas corpus and to determine what evidence was considered by the hearing officer in each of the disciplinary proceedings and, if the evidence was entirely hearsay, to determine whether the evidence presents sufficient indi-cia of reliability. The trial court shall take necessary action to see that the circuit clerk' makes due return to this court at the earliest possible time within 60 days of release of this opinion.
REMANDED WITH INSTRUCTIONS.
TAYLOR, McMILLAN and MONTIEL, JJ., concur.
BOWEN, J., concurs in result only.