On Return to Remand

PATTERSON, Judge.
We remanded this case to the trial court on March 26, 1993, with instructions to hold an evidentiary hearing on Johnny Hughley’s petition for writ of habeas corpus and to determine what evidence had been considered by the hearing officer in Hughley’s two *705 prison disciplinary proceedings — one charge of making threats and another charge of inciting to riot. 629 So.2d 703. From the record before us on original submission we could not determine whether the proceedings met the minimum standards of due process. The trial court has complied with our instructions and has duly filed its return.
The findings of the trial court disclose that there was both hearsay evidence and direct evidence introduced at the two prison disciplinary proceedings. The investigating officer testified at each hearing about the results of his investigation. In addition, in support of the charge of making threats, an inmate testified that Hughley had directly threatened him with bodily harm, and in support of the charge of inciting inmates to riot, an inmate testified that Hughley had taunted him, had made highly inflammatory remarks concerning racial and religious differences in the prison, and had stated that all white men were devils and needed to be killed and that the prison was the place to begin.
Hughley contends that he was denied due process guaranteed by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), because, he says, the hearing officer’s findings of guilt were based on insufficient evidence. We do not agree. Due process requires that a state disciplinary board’s decision not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State, 522 So.2d 337 (Ala.Cr.App.1988). We find that the hearing officer’s findings of guilt in this case were based on some evidence and, thus, the findings meet the due process requirements of Wolff v. McDonnell.
The judgment of the trial court dismissing the petition for writ of habeas corpus is due to be affirmed.
AFFIRMED.
All Judges concur.