The appellant, Jeno Griffin, appeals from the dismissal of his petition for a writ of habeas corpus. The record reflects that he was found guilty in a prison disciplinary proceeding of assault on another inmate. He was sentenced to 15 days' disciplinary segregation and 15 days' loss of store and visiting privileges and his status was changed to Class IV. Prior to receiving a response to his petition from the State, the trial court summarily dismissed the petition, finding that the appellant had been afforded due process and that the findings of fact were sufficient to support the hearing officer's decision.
The Department of Corrections disciplinary report has been made a part of the record on appeal. According to the report, the investigating officer testified that the appellant was identified by inmate Morgan Vandiver as one of two inmates who had attacked Vandiver in his cell. He also testified that he had received "from a reliable source" the information that Vandiver had been attacked by the appellant. The appellant testified that he witnessed but that he did not participate in the assault on Vandiver, and he called inmate Kevin McDonald to testify that he had not seen the appellant attack Vandiver.
 I.
The appellant contends that due process requires that the hearing officer make an independent determination as to the reliability of the informant. In Young v. State, 603 So.2d 1125
(Ala.Cr.App. 1992), this Court held: "In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of the investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to be reliable, there must be some independent determination by the committee *Page 1286 
of the informant's reliability." (Citation omitted.)
The hearing officer indicated that her findings were based in part on the investigating officer's testimony that he was told by a reliable informant that the appellant had been involved in the attack on Vandiver. As was the case in Young v. State, supra, the hearing officer in this case made no independent determination that the informant was reliable and no evidence was presented as to why the investigating officer considered the informant to be reliable. Therefore, the testimony of the investigating officer with regard to the statement of the informant was insufficient to meet the "some evidence" standard of Superintendent, Massachusetts Correctional Institution,Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356
(1985).
 II.
The appellant also contends that the hearing officer's findings were based on hearsay and that hearsay testimony alone is insufficient to support the finding of guilt. In Parker v.State, 597 So.2d 753, 754 (Ala.Cr.App. 1992), this Court held: "While hearsay testimony may be admissible [at a prison disciplinary hearing], it may not be sufficient by itself in all cases to support a finding of guilt." (Citation omitted.)
The hearing officer indicated that, in addition to being based on the investigating officer's testimony as to what an informant had told her, her decision was also based on the testimony of the investigating officer that the victim had identified the appellant as one of the attackers. However, as was in the case in Parker v. State, supra, the record in this case offers nothing indicating the reliability of the accusation and no worthwhile corroboration. In addition, the record offers no explanation for the fact that the accuser was not presented at the hearing. Therefore, the hearsay testimony of the investigating officer as to the victim's accusation also was insufficient to support the finding of guilt.
 III.
The appellant contends that there was insufficient evidence to support the finding of guilt. Because the testimony of the investigating officer was insufficient, and because the only other evidence before the hearing officer was the appellant's testimony, the evidence presented at the appellant's disciplinary hearing was not sufficient to meet the requirements of Superintendent v. Hill, supra.
We need not consider two additional claims raised by the appellant on appeal because they were not included in the petition he presented to the trial court. For the foregoing reasons, the trial court's dismissal of the appellant's petition for writ of habeas corpus is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
 *Page 1