The appellant, David Coleman, Jr., an inmate in the Alabama prison system, appeals from the denial of his petition for a writ of habeas corpus attacking four disciplinary actions taken against him by prison officials.
The appellant was disciplined for committing two thefts, committing a burglary, and being in an unauthorized area. The burglary, one of the thefts, and the offense of being in an unauthorized area were the result of the appellant's entering the deputy warden's house and stealing several pieces of jewelry.
 I
The appellant initially contends that he could not be charged with three offenses arising out of the same instance because, he contends, to do so subjected him to three disciplinary actions for the same crime, thereby violating his constitutional right against double jeopardy. The question he presents on appeal is, does the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution apply to disciplinary actions?
 "In Moore v. State, 481 So.2d 914, 917
(Ala.Cr.App. 1985), this Court held that 'an administrative disciplinary proceeding is not in the nature of a criminal proceeding in which the prisoner is entitled to the Fifth Amendment's protection against double jeopardy.' Consequently, the second disciplinary proceeding against the petitioner was not barred by principles of former jeopardy because he had already been adjudged guilty of the same offense at a prior disciplinary which had been set aside."
Jenkins v. State, 516 So.2d 944, 945 (Ala.Cr.App. 1987).
This court has stated that an inmate may be disciplined for an act that occurred in prison and may also be criminally prosecuted for the same act. Steele v. State, 481 So.2d 917
(Ala.Cr.App. 1986); Jenkins v. State, 367 So.2d 587
(Ala.Cr.App. 1978), cert. denied, 367 So.2d 590 (Ala. 1979).
 "The Double Jeopardy Clause does not apply to actions that are not 'essentially criminal'. . . . Nor does it apply to disciplinary, *Page 534 
parole, probation, or bond revocation hearings, because they are administrative proceedings."
Project: Twenty-Second Annual Review of Criminal Procedure:United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 1029, 1221 (1993). The Double Jeopardy Clause does not apply to prison disciplinary actions.
 II
The appellant next asserts that the evidence presented at the disciplinary hearing by the arresting officer was not sufficient evidence to support a finding that he violated the disciplinary rules.
In a prison disciplinary action only "some evidence" is required to find the appellant guilty of violating a disciplinary rule of conduct. Thompson v. State, 504 So.2d 747
(Ala.Cr.App. 1987).
 "Due process requires that a state disciplinary board's decision not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State, 522 So.2d 337 (Ala.Cr.App. 1988)."
Hughley v. State, 629 So.2d 704, 705 (Ala.Cr.App. 1993).
The arresting officer's testimony was the basis for the charges of theft, burglary, and being in an unauthorized area. He testified that he had received information from a confidential informant that the appellant had been in Deputy Warden Ronald Kitzinger's house and had stolen five pieces of jewelry. The disciplinary report also stated that the informant had proven reliable in the past. The testimony of the officer was hearsay.
 "In Kyle v. Hanberry, 677 F.2d 1386, 1390 (11th Cir. 1982), the Eleventh Circuit Court of Appeals held that when a disciplinary committee's decision is
 " 'based upon hearsay information derived from an unidentified informant, minimum due process mandates that the [disciplinary committee] undertake in good faith to establish the informant's reliability, at least to its own satisfaction.
 There must be some information on the record from which a tribunal can reasonably conclude that the [disciplinary committee] undertook such an inquiry and, upon such inquiry concluded that the informant was reliable.'
". . . .
 ". . . [T]his bare assertion by [an officer] that the informant was reliable is insufficient to establish that the hearing officer independently determined that the informant was reliable. . . . There must be some indication in the record that the hearing officer inquired into the reliability of the informant and that a determination was made that the informant had been reliable in the past."
Young v. State, 603 So.2d 1125, 1126 (Ala.Cr.App. 1992). (Citations omitted.) See also Griffin v. State, 636 So.2d 1285
(Ala.Cr.App. 1994).
In this case, the reliability of the informant was proven. The disciplinary reports showed that the hearing officer was basing the reliability of the information supplied to the arresting officer on the fact that the information led to the recovery of the items taken from the Deputy Warden's house. This evidence is sufficient to show the informant's reliability. Hughley, supra. Thus, "some evidence" was presented from which the hearing officer could infer that the appellant was guilty of the violations charged.
In the fourth disciplinary action the appellant was charged with stealing Warden John Nagle's radio. The report showed that this finding was based on the arresting officer's testimony. The officer testified that he was conducting a search of the appellant's cell when the appellant told him that he had taken a radio out of his cell to repair and had placed it in a trash can. The radio was found in a trash can and identified as Warden Nagle's. This was sufficient evidence on which to have a finding that the appellant violated the disciplinary rules.
 III
Last, the appellant asserts that his due process rights were violated in the fourth disciplinary action because Deputy Warden *Page 535 
Kitzinger acted as the reviewing officer and approved the hearing officer's findings of guilt after he had participated in the investigation and had identified the radio found in the trash can as belonging to Warden Nagle.
The disciplinary report relating to this violation states the following:
 "The hearing officer also based his finding on Deputy Warden Kitzinger identifying the radio as belonging to Warden Nagle which substantiated the arresting officer's testimony."
The report also reflects that Kitzinger acted as the reviewing officer and approved the hearing officer's findings. In a similar case, Judge Patterson stated:
 "If the reviewing officer has, in fact, investigated the charges, and if the evidence developed as a result of the investigation resulted in the disciplinary actions being brought against the appellant, as is alleged, the reviewing officer could hardly be impartial."
Shelton v. State, 640 So.2d 39, 41 (Ala.Cr.App. 1993).
It appears that in this case the disciplinary action was based in part on the fact that Kitzinger identified the item as the stolen property. We cannot say under these circumstances that the reviewing officer was impartial. Shelton.
The appellant's petition for a writ of habeas corpus relating to the fourth disciplinary action for theft is due to be granted.
For the foregoing reasons, the judgment is affirmed in part, reversed in part and remanded to the Circuit Court for Jefferson County for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.