McMillan, judge.
The appellant, Terry Evans, filed a petition for a writ of habeas corpus, challenging his prison disciplinary for assault on a person associated with the Department of Corrections and his punishment of loss of all good time and 45 days’ disciplinary segregation. The State moved to dismiss the petition, arguing, in pertinent part, that the appellant had been afforded the full range of due process rights. The trial court granted the State’s motion and dismissed the petition.
The Department of Corrections’ report on the appellant’s disciplinary proceeding has been made a part of the record on appeal. According to the report, Officer Anthony Young testified at the hearing that he was hit on the back of the neck while he was breaking up a fight in the prison yard. Immediately after he was struck, he said, a “confidential source” told him that he saw the appellant hit Young in the back of the neck. Young further testified that the informant had been reliable in the past and that this information was confirmed by “other confidential sources.”
The appellant contends that the evidence against him did not meet the “some evidence” test of Superintendent, Massachusetts Correctional Institute v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), because it was supplied by an unidentified *100 inmate informant. The State, citing Department of Corrections Admin.Reg. No. 403, argues that a disciplinary is proper if it is based on “corroborating information” or if “the reliability of the source satisfies the hearing officer that the information is true.” Admin.Reg. No. 403.VI.A.3.
However, in Young v. State, 603 So.2d 1125 (Ala.Cr.App.1992), this Court stated:
“ ‘In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of the investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to the reliable, there must be some independent determination by the committee of the informant’s reliability.’” (Citation omitted)
The only evidence against the appellant was the testimony of the investigating officer. Although he testified that his information was obtained from a reliable source, that source was not identified and there was no independent determination of the informant’s reliability.
In Parker v. State, 597 So.2d 753, 754 (Ala.Cr.App.1992), this Court found that the hearsay testimony of the prison chaplain to the effect that inmates had told him that the appellant had disobeyed his order not to play the keyboard was insufficient to meet the “some evidence” test of Hill, supra, because the record offered nothing to indicate the reliability of the accusation, no worthwhile corroboration, and no reason the testimony of the accusers was not presented to the hearing officer. Similarly, the testimony of the arresting officer in this case is hearsay; it is corroborated only by “other unidentified sources” of undetermined reliability and there is no explanation as to why the officer’s informants could not testify at the appellant’s hearing.
The evidence presented at the disciplinary proceeding was insufficient to support the finding of guilt. Therefore, the trial court’s denial of the appellant’s petition for a writ of habeas corpus must be reversed and this cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.