COBB, Judge.
The trial court’s summary denial of the appellant’s petition for a writ of habeas corpus is affirmed.
Michael L. Kinney, Jr., the appellant, appeals from an order in the Barbour County Circuit Court granting the State’s motion to dismiss the appellant’s petition for a writ of habeas corpus and dismissing the petition without an evidentiary hearing.
The appellant complains that he was denied due process of law in a prison disciplinary hearing wherein he was found guilty of violating the Alabama Department of Corrections disciplinary Rule 29, assault on a person associated with the department of corrections. According to the disciplinary report, the hearing resulted in a punishment of 30 days disciplinary segregation and 30 days loss of store and visitation privileges. C.R. 13.
His petition for a writ of habeas corpus alleged that he received serious bodily injury by the named corrections officer in violation of his Sixth, Eighth and Fourteenth Amendments. The district attorney filed a motion to dismiss the petition; the motion was supported by copies of numerous prison documents. The trial court dismissed the petition by written order, finding only that the district attorney’s motion to dismiss was “well taken.” C.R. 28.
The United States Supreme Court in Sandin v. Conner, — U.S. —, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ruled that “discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.” Conner, — U.S. at —, 115 S.Ct. at 2301. The absence of a liberty interest negates application of the due process requirements enumerated in Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) (Conner cited Wolff in which the United States Supreme Court characterized earned “good time” as a liberty interest of “real substance,” Wolff, 418 U.S. at 557, 94 S.Ct. at 2975, and stated the minimum procedures necessary for a “mutual accommodation between institutional needs and objectives and the provisions of the Constitution.” Wolff, 418 U.S. at 556, 94 S.Ct. at 2975.).
The United States Supreme Court also stated in Conner that “following Wolff, we recognize that the States may under certain circumstances create liberty interests which are protected by the Due Process Clause.... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.” Conner, — U.S. at —. 115 S.Ct. at 2300. The present case does not present such a situation.
Based on Conner, placement in disciplinary confinement did not create a liberty interest affording the appellant the due process protection outlined in Wolff. Therefore the trial court’s summary denial of the appellant’s habeas corpus petition is due to be, and is, affirmed.
AFFIRMED.
All the Judges concur.