The appellant, John Dumas, appeals from the denial of his petition for a writ of habeas corpus. The appellant, an inmate at Holman Prison in Atmore, was disciplined for assaulting a person associated with the Department of Corrections, a violation of disciplinary rule 29. He was punished by loss of store, telephone, and visitation privileges, and was ordered to serve 32 days in segregation.
The appellant maintained that he was denied his due process rights. The United States Supreme Court in Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.E.2d 935 (1974), held that before an inmate may be deprived of certain rights, referred to as "liberty interests," as a result of a disciplinary action, the inmate must be afforded certain due process rights, which include notice of the hearing, a chance to call witnesses, and written notice of the evidence relied on in finding him guilty.
The real question in this case is whether, as a result of the disciplinary action, the appellant was deprived of a liberty interest, so as to be afforded the rights enumerated inWolff. What is a liberty interest? The United States Supreme Court recently in Sandin v. Conner, ___ U.S. ___,115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), overruled a line of cases that had held that whether a case involved a "liberty interest" was determined by looking at the "language of a particular regulation" instead of the "nature of the deprivation." Sandin.
As this court stated in *Page 89 Summerford v. State, 466 So.2d 182, 184 (Ala.Cr.App. 1985):
 "Whether a prisoner has a 'liberty interest' in remaining free of any particular deprivation hinges on two questions: first, whether the conduct of prison officials is limited by a constitutional or statutory provision in that the prisoner can be said to have a 'legitimate entitlement' or expectation that he will not undergo a change in treatment except under the occurrence of certain events. . . .
 "The second determinant for a 'liberty interest' is the nature of the actual deprivation suffered by the inmate."
The court in Summerford held that store, telephone, and visitation privileges are not liberty interests.
Therefore, the appellant had no liberty interest in the loss of those privileges. We must now determine whether being free from segregation is a liberty interest protected byWolff. This question was recently resolved by the United States Supreme Court in Sandin, supra. The United States Supreme Court in Sandin stated:
 "[P]risoners do not shed all constitutional rights at the prison gate. Wolff, 418 U.S., at 555, 94 S.Ct. at 2974, but ' "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." ' Jones [v. North Carolina Prisoners' Labor Union], 433 U.S. [119], at 125, 97 S.Ct. [2532], at 2537[, 53 L.Ed.2d 629 (1970)], quoting Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.
". . . .
 "We hold that Conner's discipline in segregated confinement did not represent the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."
___ U.S. at ___, 115 S.Ct. at 2301, 132 L.Ed.2d at 431.
Because no liberty interest was involved in the deprivations suffered by the appellant, the protections described inWolff were not triggered. As a matter of law, the petition for a writ of habeas corpus was correctly denied.
AFFIRMED.
All the Judges concur.