LONG, Judge.
The appellant, J.K. Abbott, Jr., appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus challenging his prison disciplinary for burglary, for allegedly entering and taking something from the prison canteen after it was closed, and his punishment of loss of eight months’ good time and prohibition from earning good time for eight months.
The Department of Corrections’ disciplinary report on the appellant’s disciplinary proceeding is part of the record on appeal. The record reflects that the only evidence offered against the appellant was the testimony of the investigating officer, who testified at the disciplinary hearing that a “reliable source” had informed him that the source had seen the appellant leaving the prison canteen holding two brown paper bags after the canteen was closed. The investigating officer did not identify the source. The hearing officer indicated that his finding that the appellant was guilty of burglary was based on the investigating officer’s testimony with regard to the information he received from the source.
The appellant contends that he was denied due process because, he says, the hearing officer did not make an independent determination that the investigating officer’s source was reliable. He maintains that the investigating officer’s testimony alone was insufficient evidence to support the hearing officer’s finding. We agree.
In Young v. State, 603 So.2d 1125 (Ala.Cr.App.1992), this court stated:
“‘In eases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of the investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to the reliable, there must be some independent determination by the committee of the informant’s reliability. In such cases, unless the committee makes an independent determination about what the facts of the alleged misconduct are by deciding, minimally, that the hearsay information has been supplied by a reliable informant, it is merely recording the findings made by the investigating officer who has made a determination about the informant’s reliability, without making any determination for itself about the informant’s reliability or even the basis for the investigator’s opinion that the informant is reliable. To proceed in that fashion is not fact finding. It is record-keeping.’ ”
603 So.2d at 1125-26 (quoting Hensley v. Wilson, 850 F.2d 269, 276-77 (6th Cir.1988)).
The record offers nothing to indicate that the hearing officer undertook an independent determination of the reliability of the investigating officer’s source. Moreover, no evidence was presented as to why the investigating officer considered the source to be reliable, and no reason was given as to why the testimony of the source was not presented to the hearing officer. See Griffin v. State, 636 So.2d 1285, 1286 (Ala.Cr.App.1994); Parker v. State, 597 So.2d 753, 754 (Ala.Cr.App.1992). Furthermore, we can find no other evidence in the record that might be said to corroborate the source’s information. See Kyle v. Hanberry, 677 F.2d 1386, 1891 (11th Cir.1982). Compare Coleman v. State, 642 So.2d 532, 534 (Ala.Cr. App.1994).
“ ‘In Owens v. State, 507 So.2d 576, 579 (Ala.Cr.App.1987), this Court held that ‘[w]hile hearsay testimony may be admissible [at prison disciplinary hearings], it may not be sufficient by itself in all eases to support a finding of guilt.’ ” Parker, 597 So.2d at 754. Considering the circumstances in this case, the hearsay testimony of the investigating officer, standing alone, was insufficient to meet the “some evidence” standard to support a finding of guilt as required by Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
The circuit court’s judgment dismissing the appellant’s petition for a writ of habeas *1266 corpus is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Ail Judges Concur.