The appellant, Troy Washington, appeals from the circuit court's dismissal of his petition for a writ of habeas corpus, arguing that he was denied due process of law in two prison disciplinary proceedings, one on charges of "inciting to riot" and one on charges of assaulting a department of corrections officer. Upon being found guilty of "inciting to riot," the appellant was sanctioned with 60 days' disciplinary segregation and placement in the chain gang for 60 days. Upon being found guilty of the charge of assaulting a department of corrections officer, the appellant was sanctioned with 55 days' disciplinary segregation, placement in the chain gang for 55 days, and loss of all previously earned good time cregit.
We need not express an opinion on the merits of the appellant's due process claim with regard to the disciplinary proceeding for "inciting to riot," because the due process protections set out in Wolff v. McDonnel, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), do not apply in a case involving the sanctions suffered by the appellant in that proceeding. Here, as in Dumas v. State, 675 So.2d 87
(Ala.Cr.App. 1995), "[b]ecause no liberty interest was involved in the deprivations suffered by the appellant, the protections described in Wolff were not triggered. As a matter of law, the petition for a writ of habeas corpus was correctly denied."Dumas, 675 So.2d at 89, following Sandin v. Conner, ___ U.S. ___, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a 30-day disciplinary segregation of inmate in the Hawaii prison system did not present the sort of significant deprivation giving rise to protection outlined in Wolff). See also Kinneyv. State, 668 So.2d 924 (Ala.Cr.App. 1995).
Because the appellant was sanctioned with the loss of earned good time credit upon being found guilty of the charge of assaulting a department of corrections officer, we must examine his due process claim as to that proceeding. The department of corrections report on the appellant's disciplinary proceeding for assaulting a corrections officer is part of the record on appeal. That report indicates that the investigating officer testified at the disciplinary hearing that several "reliable informants" had informed him that the appellant had assaulted a corrections officer. The disciplinary report reflects that the investigating officer did not identify his sources because they wanted to remain anonymous for fear of retaliation. The appellant also testified at the hearing, denying the allegations against him. The hearing officer indicated in her findings that the appellant was guilty of assault. The record reflects that she based her finding of guilt solely on the investigating officer's testimony with regard to the information he had received from the "reliable informants." The hearing officer also stated that she did not believe the appellant's testimony at the hearing.
The appellant contends that he was denied due process because, he says, the hearing officer did not make an independent determination that the investigating officer's sources were reliable. He maintains that the investigating officer's testimony alone was insufficient evidence to support the hearing officer's findings. We agree.
In Young v. State, 603 So.2d 1125 (Ala.Cr.App. 1992), this court stated:
 " 'In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of the investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to be reliable, there must be some independent determination by the committee of the informant's reliability. In such cases, unless the committee makes an independent determination about what the facts of the alleged misconduct are by deciding, minimally, that the hearsay information has been supplied by a reliable informant, it is merely recording the findings made by the investigating officer who has made a determination about the informant's reliability, without making any determination for itself about the informant's reliability or even the basis for the investigator's opinion that *Page 541 
the informant is reliable. To proceed in that fashion is not fact finding. It is recordkeeping.' "
603 So.2d at 1125-26 (quoting Hensley v. Wilson, 850 F.2d 269,276-77 (6th Cir. 1988)).
The record does not indicate that the hearing officer undertook an independent determination of the reliability of the investigating officer's sources. Moreover, there is no evidence in the record that might be said to directly corroborate the sources' information. See Kyle v. Hanberry,677 F.2d 1386 (11th Cir. 1982). Compare Coleman v. State,642 So.2d 532 (Ala.Cr.App. 1994).
While hearsay testimony may be admissible in prison disciplinary hearings, it may not be sufficient by itself in all cases to support a finding of guilt. Griffin v. State,636 So.2d 1285 (Ala.Cr.App. 1994). Considering the circumstances in this case, the hearsay testimony of the investigating officer, standing alone, was insufficient to meet the "some evidence" standard to support a finding of guilt as required bySuperintendent, Massachusetts Correctional Institution, Walpolev. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Here, as was the case in Griffin, there was nothing indicating the reliability of the accusation and no worthwhile corroboration. In addition, although the record contains a written statement made by the corrections officer who was assaulted that the appellant pushed him, we cannot determine whether this statement was considered at the hearing, because the hearing officer makes no reference to the statement in the disciplinary report and, in fact, specifically states in that report that she based her decision exclusively on the testimony of the investigating officer and the appellant.
For the reasons stated above, the circuit court's judgment dismissing the appellant's petition for a writ of habeas corpus is affirmed as to the disciplinary proceeding finding the appellant guilty of inciting to riot and sanctioning him therefor; the circuit court's judgment dismissing the appellant's petition for a writ of habeas corpus is reversed as to the disciplinary proceeding finding the appellant guilty of assaulting a department of corrections officer and sanctioning him with the loss of earned good time credit, and this cause is remanded to that court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All Judges concur.