BASCHAB, Judge.
Inmate John Wiggins appeals from the dismissal of his petition for writ of habeas corpus. He was found guilty of participating in another inmate’s escape and was punished by the loss of “good-time” credit of twenty-eight months and the loss of “good-time” earning status.
I
The appellant argues that the hearing officer’s decision was based substantially on information supplied by a “reliable informant.” According to the Alabama Department of Corrections Disciplinary Report, which has been made a part of the record on appeal, “[t]he hearing officer believefd] the statement of Captsin [sic] Allen that he received information from an informant that has proven reliable in the past that Inmate John Wiggins was assisting Inmate Alligood to escape.” In Young v. State, 603 So.2d 1125, 1125-26 (Ala.Cr.App.1992), this court held that:
“In cases in which prisoner misconduct is found upon evidence consisting entirely, or even substantially, of the statement of an investigating officer that he has been told by confidential informants that the misconduct occurred, and that the investigator believes the informant to be reliable, there must be some independent determination by the committee of the informant’s reliability. In such cases, unless the committee makes an independent determination about what the facts of the alleged misconduct are by deciding, minimally, that the hearsay information has been supplied by a reliable informant, it is merely recording the findings made by the investigating officer who has made a determination about the informant’s reliability, without making any determination for itself about the informant’s reliability or even the basis for the investigator’s opinion that the informant is reliable. To proceed in that fashion is not fact finding. It is record-keeping.
“In its best light, such a procedure is an unwarranted delegation to the investigator of a key aspect of the committee’s adjudicative function; in its worst, it suggests a *69 willful reluctance to probe the possibly flawed foundation of the charges against inmates. Reliance upon an investigating officer’s statement that an informant is reliable is not necessarily a fatal procedural flaw, but if the committee does not discover, and assist, the investigating officer’s basis for concluding that the informant is reliable, it cannot be said that the committee has made reasoned choices about the truth of the information provided to it, as minimum due process requires it to do. While the Due Process Clause does not, in prison discipline cases, require the appearance of the confidential informant before the adjudicating committee, or that the informant’s identity be disclosed to the accused, or even to the disciplinary committee members, it requires at the very least that the committee have some eviden-tiary basis, even hearsay, upon which to determine for itself that the informant’s story is probably credible. Hensley v. Wilson, 850 F.2d 269, 276-77 (6th Cir.1988).”
(emphasis original).
The hearing officer made no independent determination that the informant was reliable and no evidence was presented as to why the investigating officer considered this informant to be reliable. The testimony of the investigating officer concerning the reliability of the confidential informant was insufficient to meet the “some evidence” standard of Superintendent Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
II
The appellant argues that there was insufficient evidence to support a finding a guilt.
The evidence in this case was purely circumstantial. The appellant was the approved driver of a prison van. He left the Loxley Community Center, a minimum security facility, approximately one hour before the discovery of the missing inmate. Witnesses testified that earlier in the day the appellant, the missing inmate, and another inmate were selling cigarettes. Prison officials alleged that the purpose of selling cigarettes was to buy street clothes for the escaped inmate. The appellant admitted selling cigarettes, but claimed he was selling them to purchase clothes for himself.
Without Captain Allen’s testimony that he received information from the confidential informant, the remaining evidence is not sufficient to meet the requirements of Superintendent v. Hill, supra.
The trial court erred in failing to grant the appellant’s petition for writ of ha-beas corpus. For the foregoing reasons, we reverse the judgment and remand this case to the trial court with instructions to enter an order vacating the disciplinary.[1]
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.

. We note that vacating this order does not prohibit bringing a new disciplinary proceeding against the appellant because the Double Jeopardy Clause does not apply to prison disciplinary proceedings. See Coleman v. State, 642 So.2d 532 (Ala.Cr.App.1994).