COBB, Judge.
Kevin F. Hearin appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus. After a disciplinary hearing, Hearin was found to have committed Rule violation 31, Admin. Reg. No. 403, Annex B, assault on another inmate. As punishment, Hearin lost 1 year of good- *1123 time credit and was placed in disciplinary-segregation for 45 days. (C. 31.) Hearin filed a petition for a writ of habeas corpus, challenging his prison disciplinary and alleging (1) that the hearing officer erred by failing to independently investigate the reliability of the confidential informants on the basis of whose information Hearin was charged and (2) that the hearing officer erred in finding him guilty because, he argues, the hearing officer based his finding solely upon hearsay evidence. The circuit judge dismissed Hearin’s petition. Hearin appeals, alleging (1) that the arresting officer’s testimony was insufficient to meet the “some evidence” standard and (2)that the decision of the hearing officer was contrary to the great weight of the evidence. We agree.
Because Hearin lost one year of good-time credit, his liberty interest is implicated, see Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and he must be afforded minimum requirements of procedural due process. Under Wolff, an inmate facing a disciplinary proceeding is entitled to notice of the claimed violation, a right to call witnesses and present documentary evidence in his behalf, and a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. See id. at 563, 94 S.Ct. 2963; Brown v. State, 592 So.2d 621, 623 (Ala.1991); Young v. State, 584 So.2d 553, 554 (Ala.Cr.App.1991). A review of the record indicates that Hearin received notice of the alleged violation, that he waived his right to call witnesses, and that the hearing officer provided written findings of fact. (C. 11-12, 30-31.)
In order for the requirements of due process to be satisfied, the. record must also show that there is “some evidence” to support the decision to revoke Hearin’s good-time credits. See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). See, also, Headley v. State, 720 So.2d 996, 997 (Ala.Cr.App.1998). Moreover, hearsay evidence alone is insufficient to satisfy the “some evidence” standard. See Griffin v. State, 636 So.2d 1285, 1286 (Ala.Cr.App.1994); Bridges v. State, 636 So.2d 696, 697 (Ala.Cr.App.1993).
The record indicates that the only evidence offered against Hearin was the testimony of the investigating officer. The investigating officer’s testimony was based on information received from confidential informants. At the hearing, the officer testified that “several inmates” had informed him that Hearin had beaten an inmate because the inmate would not loan Hearin items he could use to wager in gambling. The officer then located the inmate who had allegedly been beaten and discovered that his face was bruised. The hearing officer found Hearin guilty of assault, basing his findings on the information provided by the investigating officer. In his written findings of fact, the hearing officer stated that the confidential informants had been “reliable in the past.” (C. 31.)
Where the only evidence to support a finding of prisoner misconduct is the testimony of the investigating officer, and that testimony indicates that the officer’s decision was based entirely on information received from confidential informants, we have held that there must be some independent investigation of the informants’ reliability by the hearing officer. See Washington v. State, 690 So.2d 539, 540 (Ala.Cr.App.1997) (citing Young v. State, 603 So.2d 1125 (Ala.Cr.App.1992)); Abbott v. State, 677 So.2d 1264, 1265 (Ala.Cr.App.1996); Evans v. State, 647 So.2d 99, 100 (Ala.Cr.App.1994); and Bridges v. State, supra. The record in this case shows no evidence of such an investigation. Even though the hearing officer’s findings in the disciplinary report state that the informants had been reliable in the past, it is unclear whether this determination was based on the hearing officer’s independent investigation or whether he based it on the investigating officer’s opinion. See Wig *1124 gins v. State, 697 So.2d 67, 69 (Ala.Cr.App.1997). It could be argued that the bruises on the alleged victim’s face sufficiently corroborated the informants’ information. Yet, the bruises are evidence that an injury had occurred, not necessarily evidence that a crime had occurred, or if a crime did occur, that Hearin was the offender. Thus, it appears that the hearing officer’s decision to revoke Hearin’s good time was based solely on hearsay evidence, which is impermissible.
The circuit court’s judgment dismissing Hearin’s petition for a writ of habeas corpus is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.