PER CURIAM.
Bruce Jemison, an inmate in the custody of the Alabama Department of Corrections, filed a complaint against the Department and various employees of the Department (collectively, all defendants are referred to as “the Department”), alleging that his constitutional rights were violated when he was removed from work-release status. In his complaint, Jemison sought a “declaratory judgment, compensatory and punitive damages, and all other relief deemed appropriate and necessary and to which [Jemison] may be entitled.”
The Department filed a special report, which the trial court treated as an answer and a summary-judgment motion, with affidavits and a supporting brief. Jemison *932 filed a response in opposition. The trial court entered a summary judgment in favor of the Department.
Jemison appealed to this court. We transferred the case to the Alabama Supreme Court for lack of subject-matter jurisdiction, and that court deflected the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Jemison appeared pro se at the trial level, and he appears pro se before this court. The Department did not favor this court with a brief on appeal.
In the summary judgment, the trial court stated:
“[The Department] has the authority to remove an inmate from work release and this sanction does not represent any sort of significant deprivation that would create a ‘liberty interest’ and entitle the inmate to the due process requirements as set forth in Wolff v. McDonnell, 418 U.S. 539[, 94 S.Ct. 2963, 41 L.Ed.2d 935] (1974). Alabama state law defines those who are eligible for work release. The decision of who is entitled to work release is left up to the sound discretion of the penal institution. See Hewitt v. Helms, 459 U.S. 460[, 103 S.Ct. 864, 74 L.Ed.2d 675] (1983). After reviewing the internal incident report from [the Department], it is evident that [the Department] officials had very valid reasons for removing [Jemison] from work release.”
(Emphasis in original.)
On June 3, 1999, Jemison, whose custody classification was “community” and who was on work-release status, was moved from the Montgomery Community Based Facility (“MCBF”) to Kilby Correctional Facility for reclassification, because Warden Jeffery Williams had received information from several sources indicating that Jemison was selling cocaine and other illegal drugs at MCBF. On June 11, 1999, Jemison was served with notice of a reclassification hearing, which advised him of the reason for the hearing. The notice also stated, “At the reclassification meeting, you will be given an opportunity to be heard, to present witnesses, and to present documentary evidence.” On June 14,1999, the hearing was conducted, and Jemison gave his statement — that he had done nothing wrong and that there was no evidence against him. After the hearing, Je-mison’s custody classification was changed from “community” to “minimum.”
Paul Whaley II, the Department’s director of classification, stated in his affidavit:
“[Jemison] is presently serving a 15-year term for possession of drugs. He has a previous conviction for drug sales.
“Inmate Jemison was removed from work release on 3 June 1999 due to suspected illegal activity while assigned to that program. An appropriate reclassification hearing was held which explained the reasons for the removal. (Exhibit A) All less restrictive placements, programs, and custodies offered by this Department are privileges to which no offender enjoys any right or entitlement of participation. Removal of this offender from the work release program is not a violation of any constitutionally guaranteed right.”
Jemison fails to demonstrate that participation in a work-release program is a liberty interest that should be afforded the rights enumerated in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Additionally, we do not find that participation in a work-release program is a liberty interest. Dumas v. State, 675 So.2d 87 (Ala.Crim.App.1995).
Jemison also contends that the trial court erred when it failed to inform him, an incarcerated pro se litigant, of the summary-judgment requirements. First, we note that the trial court’s “Order for Special Report” indicates what Jemison should do after the Department filed its special report. Second, as this court stated in *933 Black v. Allen, 587 So.2d 349, 349 (Ala.Civ.App.1991):
“We also note that a party acting pro se must comply with legal procedure and court rules. The operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant that to one represented by counsel.”
(Citations omitted.) Thus, we find no error on the part of the trial court.
Jemison also contends that the trial court erred in “not permitting an oral explanation of his claims.” While he raised this issue, he failed to address it in his brief. Thus, we will not consider this contention.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs specially.
CRAWLEY, J., dissents.