Eric McFadden appeals from the circuit court's summary denial of his petition for a writ of habeas corpus. McFadden's petition challenged a prison disciplinary proceeding in which he was found guilty of violating Rule 35 in Annex A to the Alabama Department of Corrections, Administrative Regulation 403, fighting without a weapon, and of violating Rule 86 in Annex A, being fired from a job. The hearing officer found McFadden guilty of both offenses. As a result of the officer's findings, McFadden lost six months' good time, he was transferred to a higher security level institution, and his case was referred to social services for further review. McFadden also lost all privileges for 30 days as a result of being fired from his job. *Page 161 
On April 9, 2002, McFadden filed a petition for a writ of habeas corpus with the Circuit Court of Elmore County, alleging that the disciplinary proceeding failed to comport with due-process requirements because, he argued, the finding of guilt was based solely on hearsay testimony. The State moved to dismiss the petition, denying its averments and asserting that McFadden had received the full range of due process. On June 24, 2002, the circuit court dismissed the petition and ordered McFadden to pay a $157 filing fee. This appeal followed.
On appeal, McFadden restates his argument that he was denied the minimum due-process requirements established in Wolff v. McDonnell,418 U.S. 539 (1974), when the disciplinary hearing officer made a decision based solely on hearsay testimony. The loss of good time constitutes a denial of a liberty interest that triggers the due-process requirements established in Wolff v. McDonnell. Hearin v. State,741 So.2d 1122, 1123 (Ala.Crim.App. 1999); Summerford v. State,466 So.2d 182, 183 (Ala.Crim.App. 1985). Under Wolff v. McDonnell, an inmate facing a disciplinary proceeding is entitled to notice of the claimed violation and has the right to call witnesses and present documentary evidence in his behalf and receive a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563; Brown v. State, 592 So.2d 621, 623
(Ala. 1991); Hearin v. State, 741 So.2d at 1123; Young v. State,584 So.2d 553, 554 (Ala.Crim.App. 1991). Our review of the record indicates that McFadden received notice of the alleged violations, that he elected not to call witnesses, and that the hearing officer provided written findings of fact.
However, in order for the requirements of due process to be satisfied, the record must also show that there is "some evidence" to support the decision to revoke McFadden's good-time credits. See Superintendent v.Hill, 472 U.S. 445, 454 (1985). See also Headley v. State, 720 So.2d 996,997 (Ala.Crim.App. 1998). As this Court has recognized on numerous occasions, hearsay evidence alone is insufficient to satisfy the "some evidence" standard. See, e.g., Griffin v. State, 636 So.2d 1285, 1286
(Ala.Crim.App. 1994).
Here, the sole evidence upon which the finding of guilt was based was the hearsay testimony of Sgt. James A. Kennedy, the arresting officer, regarding what a person who was not incarcerated told him about the incident. As this Court noted in Bridges v. State, 636 So.2d 696
(Ala.Crim.App. 1993):
 "Due process requires that the decision of the state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State[, 522 So.2d 337 (Ala.Crim.App. 1988)]. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014
(Ala.Cr.App. 1989), rev'd in part on other grounds, 564 So.2d 1017 (Ala. 1990). See also Ex parte Floyd, 457 So.2d 961 (Ala. 1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State."
636 So.2d at 697.
Taking into consideration all the circumstances, we do not find that the hearsay testimony of Sgt. Kennedy constitutes *Page 162 
"some evidence" so as to satisfy the requirements of due process. No reason was given for the State's failure to produce the unidentified "free-world person" who had direct knowledge of the incident. The State presented nothing to indicate the reliability of the hearsay testimony, other than a "body chart" indicating that McFadden suffered no injuries as a result of the fight. Although the State argues that the body chart detailing the injuries of inmate Steve Orr, with whom McFadden had been fighting, supplied sufficient nonhearsay evidence to support the hearing officer's finding, our examination of the record reveals otherwise. Orr's chart reads simply, "I got in a fight at work" and does not indicate that that fight was with McFadden; we cannot say that this constitutes "some evidence" so as to satisfy the requirements of due process.
Based on the foregoing, we hold that the hearing officer's finding of guilt was not supported by some evidence and that the officer's finding was, therefore, arbitrary and capricious. See Oliver v. State,770 So.2d 1116, 1118 (Ala.Crim.App. 2000); Bridges v. State, supra,636 So.2d at 697. The judgment of the circuit court dismissing the habeas corpus petition is hereby reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.