BAlSCHAB, Judge.
In a prison disciplinary proceeding, the appellant, Michael Cannady, was found guilty of assault on another inmate, a violation of Rule # 31, Regulation # 403. He was sanctioned with the loss of six months of good time and referral to classification for possible reclassification. The appellant filed a petition for a writ of habeas corpus, alleging that prison officials violated his due process rights under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), during the disciplinary proceeding. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that prison officials violated his due process rights under Wolff during the disciplinary proceeding. Specifically, he contends that the hearing officer’s findings were based solely on hearsay and that the hearing officer did not “make an independent determination as to the reliability of the reliable source witnesses.” (Appellant’s brief at p. 4.) Because the appellant lost good time, we must determine whether the disciplinary proceeding satisfied the due process requirements set forth in Wolff.
The record indicates that the following evidence was presented during the disciplinary hearing:
“Officer J. Smith did a[n] investigation and had several witnesses write a statement identifying [the appellant] as one of the inmates that assaulted Inmate Salter. Question from hearing officer to COI Smith, 1. Did any of the inmates who witnessed this assault have firsthand knowledge of this incident? Answer: Yes.”
(C.R. 10-12.) During the hearing, the appellant submitted a written statement in which he stated that he “did not attack, assault or lay the first finger on Timothy Salter at the Holman Tag Plant.” (C.R. 20.) The hearing officer found that the appellant assaulted Salter. He indicated that he based his finding
“on the fact that COI Smith did a complete investigation and had statements from several witnesses who had first hand knowledge of this incident. All of [the appellant’s] witnesses chose not to appear on their own free will.”
(C.R. 11.)
We addressed a similar situation in McFadden v. State, 854 So.2d 160, 161-62 (Ala.Crim.App.2002), as follows:
*553 “Under Wolff v. McDonnell, [supra,] an inmate facing a disciplinary proceeding is entitled to notice of the claimed violation and has the right to call witnesses and present documentary evidence in his behalf and receive a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563, 94 S.Ct. 2963; Brown v. State, 592 So.2d 621, 623 (Ala.1991); Hearin v. State, 741 So.2d [1122,] 1123 [ (Ala.Crim.App.1999) ]; Young v. State, 584 So.2d 553, 554 (Ala.Crim.App.1991)....
“However, in order for the requirements of due process to be satisfied, the record must also show that there is ‘some evidence’ to support the decision to revoke [the appellant’s] good-time credits. See Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). See also Headley v. State, 720 So.2d 996, 997 (Ala.Crim.App.1998). As this Court has recognized on numerous occasions, hearsay evidence alone is insufficient to satisfy the ‘some evidence’ standard. See, e.g., Griffin v. State, 636 So.2d 1285, 1286 (Ala.Crim.App.1994).
“Here, the sole evidence upon which the finding of guilt was based was the hearsay testimony of Sgt. James A. Kennedy, the arresting officer, regarding what a person who was not incarcerated told him about the incident. As this Court noted in Bridges v. State, 636 So.2d 696 (Ala.Crim.App.1993):
“ ‘Due process requires that the decision of the state disciplinary board or a hearing officer not be made arbitrarily or capriciously, but be based upon some evidence. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Heidelburg v. State[, 522 So.2d 337 (Ala.Crim.App.1988) ]. Hearsay testimony may be admissible in prison disciplinary hearings; however, it may not alone be sufficient to support a finding of guilt. Pearsall v. State, 564 So.2d 1014 (Ala.Cr.App.1989), rev’d in part on other grounds, 564 So.2d 1017 (Ala.1990). See also Ex parte Floyd, 457 So.2d 961 (Ala.1984). Situations arise where findings of guilt based entirely on hearsay are proper and necessary; however, in those cases certain measures must be taken to ensure minimum due process. Pearsall v. State.’
“636 So.2d at 697.
“Taking into consideration all the circumstances, we do not find that the hearsay testimony of Sgt. Kennedy constitutes ‘some evidence’ so as to satisfy the requirements of due process. No reason was given for the State’s failure to produce the unidentified ‘free-world person’ who had direct knowledge of the incident. The State presented nothing to indicate the reliability of the hearsay testimony, other than a ‘body chart’ indicating that McFadden suffered no injuries as a result of the fight. Although the State argues that the body chart detailing the injuries of inmate Steve Orr, with whom McFadden had been fighting, supplied sufficient nonhearsay evidence to support the hearing officer’s finding, our examination of the record reveals otherwise. Orr’s chart reads simply, T got in a fight at work’ and does not indicate that that fight was with McFadden; we cannot say that this constitutes ‘some evidence’ so as to satisfy the requirements of due process.
“Based on the foregoing, we hold that the hearing officer’s finding of guilt was not supported by some evidence and that the officer’s finding was, therefore, arbitrary and capricious. See Oliver v. State, 770 So.2d 1116, 1118 (Ala.Crim. *554 App.2000); Bridges v. State, supra, 636 So.2d at 697.”
In this case, the hearing officer relied upon Smith’s hearsay testimony that other witnesses had made statements that the appellant had assaulted Salter. However, the record does not indicate why the witnesses who made those statements were not called during the disciplinary proceeding. Also, the record from the disciplinary proceeding does not include any indication regarding the reliability of those written statements. Further, although the State asserts that “the hearing officer heard from Smith who gave his own observations and findings,” the record from the disciplinary proceeding does not indicate that Smith testified as to his personal observations and findings or that the hearing officer relied on any such observations and findings. (State’s brief at p. 8.) Thus, the record indicates that the hearing officer’s finding of guilt was not supported by some evidence and was arbitrary and capricious. See McFadden, supra. Therefore, the circuit court erred when it summarily dismissed the appellant’s petition for a writ of habeas corpus. Accordingly, we reverse the circuit court’s judgment and remand this case to that court for further proceedings that are consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.