Leslie Thompson appeals from the dismissal of his petition for writ of habeas corpus by the Circuit Court of Escambia County.
The record reveals that Thompson, an inmate in the Alabama prison system, was found guilty of insubordination by a prison disciplinary committee. He allegedly made an obscene gesture to a prison officer while refusing to obey a direct order. Thompson's punishment for the infraction was, inter alia, 21 days of segregation. After exhausting administrative appeals, Thompson filed a petition for writ of habeas corpus in the Circuit Court of Escambia County, which was dismissed upon motion of the state, without a hearing. Thompson appeals from that dismissal, arguing that his due process rights were violated at the disciplinary hearing because two inmate witnesses, whose presence he had requested for the purpose of testifying in his behalf, were not made available.
In Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963,2979, 41 L.Ed.2d 935 (1974), the Supreme Court held that "an inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." The record before us supports Thompson's contention that the sole reason for the unavailability of the witnesses he sought to call was that they had been transferred, for administrative reasons, to another institution on the day of the hearing. The transfer of the witnesses under these circumstances is not a valid excuse for failing to have the witnesses present for the disciplinary hearing, and the failure to require their presence violated Thompson's due process rights referred to in Wolff v.McDonnell.
Thus, it was error for the trial court to dismiss Thompson's petition, as it contained merit. This case is reversed and remanded with instructions that the trial court set aside its order of dismissal and grant appellant a hearing on the merits of his petition. If the trial court determines that the failure to have the witnesses present was for reasons other than those authorized by Wolff v. McDonnell, appellant is entitled to a new disciplinary hearing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.