Johnny M. Young filed two petitions for writ of habeas corpus in Escambia County with respect to three disciplinary reports charging him with the assault of a Kilby Correctional Facility employee, insubordination, and the assault of a Holman Correctional Facility employee. The State's motion for judgment on the pleadings was granted and from that judgment Young appeals.
Young contends on appeal that in his first petition he was denied due process of law because he was not allowed to present any witnesses at the disciplinary hearing on the charge of assault of a Kilby Correctional Facility employee. We agree.
"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2980,41 L.Ed.2d 935 (1974).
In Wolff the Court stated that
 "due process required that prisoners in disciplinary proceedings resulting in loss of good time be afforded advance (no less than 24 hours) notice of the charges; a written statement of the evidence relied on and reasons for the decision of the disciplinary body; the right to be present; the right to present documentary evidence on the prisoner's behalf; a qualified right to have a representative present on the prisoner's behalf; and a qualified right to call witnesses. Wolff, at 541-42 [94 S.Ct. at 2967-68]."
Brown v. State, [Ms. 1900094, March 22, 1991] (Ala. 1991).
Young requested that inmate Anthony Golston, Warden E. L. Harrelson and Sgt. Dixon, all of whom were eyewitnesses *Page 555 
to Young's alleged assault of the Kilby guard, testify at his disciplinary hearing. Young submitted written questions to be asked of the three witnesses at the hearing. The hearing officer refused to permit any of Young's three witnesses to testify at the disciplinary hearing, stating as her sole reason on the disciplinary report that the three witnesses were not called because Young's proposed questions to these witnesses only referred to an alleged assault on Young and their testimony would not enhance Young's testimony as to whether he assaulted Officer Foster. We disagree.
Young's proposed questions to inmate Golston included the specific questions: "Did you observe Young assault Officer Foster?" and "Did you observe him [Young] attempt to assault Officer Foster?" Likewise, Young's proposed questions to Warden Harrelson included the specific questions: "Did you observe Young assault Officer Foster?" and "If yes, tell how he [Young] assaulted Officer Foster?" Although Young's proposed questions to Sgt. Dixon did not specially address Young's alleged assault on Officer Foster, they nevertheless included questions concerning the amount of force necessary to secure Young following the alleged assault as well as questions concerning an alleged altercation between these guards and another inmate which occurred immediately prior to and which may have precipated Young's alleged assault on Officer Foster. Young's proposed questions to inmate Golston and Warden Harrelson were relevant to the hearing officer's determination of whether Young assaulted Officer Foster. The testimony of Sgt. Dixon could also "possibly be relevant" to this determination. It was therefore reversible error for the hearing officer to refuse to allow these witnesses to testify on the ground of relevancy.
While the due process clause of the Fourteenth Amendment requires that the prison officials at some point state their reasons for refusing to call witnesses, they may do so either by making the explanation a part of the administrative record or by later presenting testimony in court. Ponte v. Real,471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). Because the hearing officer in this case made the explanation a part of the administrative record and based her decision solely on the ground of relevancy, we have no choice but to reverse the judgment of the circuit court denying the habeas corpus petition involving the alleged assault on the Kilby guard and remand for a new disciplinary hearing.
Young contends on appeal that in his second petition he was denied due process of law because notice of the charges of insubordination and the alleged assault of the Holman Correctional Facility employee was made 15 days after the violations were reported, in violation of an administrative regulation, which required that notice be given 10 days after the violations were reported. We disagree.
Adam Powell was the victim of Young's alleged insubordination and assault, and Powell served these charges on Young 15 days after the violations were reported because Powell had been on military leave during the 10-day period. The 10-day time period prescribed by the prison regulations is precatory. Hence, the failure to notify Young within 10 calendar days after the violations of insubordination and assault were reported or discovered did not violate due process.
The judgment of the circuit court denying the second petition for writ of habeas corpus involving the alleged insubordination and assault of a Holman employee is affirmed. As to the first petition, the judgment of the circuit court is reversed and the cause is remanded to the trial court with instructions to enter necessary orders consistent with this opinion.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All Judges concur. *Page 556