PATTERSON, Judge.
Michael Shelton, an inmate in the state prison system, appeals the dismissal of his petition for writ of habeas corpus. In his petition, he claims that he was denied due process of law in two prison disciplinary proceedings and that there was insufficient evidence to find him guilty of the violations of prison regulations with which he was charged. He was charged with sexually assaulting another inmate and with failing to obey a direct order of a corrections officer. He was found guilty of the charges by a prison disciplinary board, after a hearing, and was sentenced to 65 days’ segregation. After the state filed a motion to dismiss the habeas corpus petition, the trial court dismissed the petition without holding an evi-dentiary hearing. The appellant raises five issues on appeal.
I.
The appellant first contends that the trial court erred in denying his motion to supplement the record of the proceedings in the circuit court, filed pursuant to A.R.App.P. 10(f). His motion to supplement the record correctly pointed out that that portion of the record of the prison disciplinary proceedings containing the evidence relied upon, the findings, and the sentence of the prison disciplinary board was not included in the record below. The state concedes that the record is deficient in this regard. The trial court, in denying the motion, found that the missing portion of the prison disciplinary proceedings had never been introduced for the court’s consideration of the habeas petition and, thus, was not a part of the record and was not subject to supplementation. The ruling of the trial court was correct.
II.
The appellant contends that he was denied due process of law because, he says, he was not given sufficient notice of the prison disciplinary hearing to enable him to properly prepare his defense to the charges. There is no merit in this contention. The notice given was sufficient to meet the due process requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
III.
The appellant contends that he was denied due process of law by being denied the right to call a material witness to testify in his behalf at the prison disciplinary hearing. The witness in question was the victim of the alleged sexual assault. The record does not disclose the reason for the prison authorities’ refusal to grant the appellant’s request to have the alleged victim testify. The state’s motion to dismiss the petition states only that the witness had been transferred. “An inmate facing a disciplinary proceeding should be allowed to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.” Wolff v. McDonnell, 418 U.S. at 563, 94 S.Ct. at 2979. In this case, if the sole reason for not making the witness available to the appellant at the disciplinary proceeding was that he had been transferred to another facility, that reason would be insufficient to meet the due process requirements of Wolff v. McDonnell. See Thompson v. State, 548 So.2d 650 (Ala.Cr.App.1989). Because we cannot determine from the record before us the reason the prison authorities refused to require the presence of the witness at the hearing, we find it necessary to remand this case to the trial court with instructions to hold a hearing and to determine the reason or reasons the witness was not made available.
*41 IV.
The appellant contends that he was denied due process because the official who reviewed the findings and decision of the disciplinary board on appeal was also the investigating officer. The prison regulations provide for an appeal to the commissioner of corrections by an inmate found guilty of a violation of prison regulations. The record reflects, as the appellant contends, that the actions of the disciplinary board were reviewed on appeal by “Warden Burton,” who apparently had been designated to review appeals of inmates for the commissioner. If the reviewing officer had, in fact, investigated the charges, and if the evidence developed as a result of the investigation resulted in the disciplinary actions being brought against the appellant, as is alleged, the reviewing officer could hardly be impartial. Because the record does not show that the reviewing officer was involved in the investigation of the charges, we instruct the trial court to determine in the hearing on remand if the officer was involved and, if so, to what extent.
V.
We decline to address, at this time, the appellant’s contentions questioning the sufficiency of the evidence to support the findings of the disciplinary board.
We remand this case to the trial court with instructions to conduct an evidentiary hearing in accordance with our instructions in parts III and IV above. Because the case is being remanded for farther proceedings, we suggest that it would be helpful in reviewing the case for the state to be required to place in the record the missing portions of the report of the prison disciplinary proceedings. The trial court shall file a return of the action taken, pursuant to the above instructions, with specific factual findings within 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.