On Return to Remand

PATTERSON, Judge.
On September 30, 1993, we remanded this cause to the trial court with instructions to conduct an evidentiary hearing to determine why a witness who had been requested by *42 the inmate, Michael Shelton, to appear at his disciplinary hearing, was not made available and to determine if the reviewing officer had been involved in the investigation of the alleged violations of prison regulations. 640 So.2d 39. In his habeas corpus petition, Shelton attacked the validity of two prison disciplinary proceedings on grounds of sufficiency of the evidence and due process. One disciplinary charged failure to obey a direct order on or about March 24, 1992, and the other charged a sexual assault on the same date.
The trial court has filed its order dated November 5,1993, which we consider to be a return to our remand. It shows that the state moved to expunge the disciplinaries from Shelton’s records on November 2,1993, and that the motion was granted by the trial court. This action renders this appeal moot. This appeal is due to be dismissed.
DISMISSED.
All Judges concur.