MONTIEL, Judge.
This is an appeal from the denial of a petition for writ of habeas corpus. The petitioner, John Dumas, an inmate at the St. Clair County Correctional Facility, challenged the actions of the Department of Corrections in a disciplinary hearing in which he was charged with fighting with a weapon. The petitioner was found guilty of the charge and received as punishment 21 days’ disciplinary segregation, 30 days’ loss of store, telephone, visitation, and leave privileges, and a referral to classification review. The appellant then filed the petition for writ of habeas corpus with the St. Clair Circuit Court. Upon the Department of Corrections’ motion to dismiss, the Circuit Court dismissed the petition without a hearing.
The petitioner contends that he had requested that a witness, Ricky Irby, attend the disciplinary hearing on the petitioner’s behalf. The disciplinary report reflects that the form serving notice of the disciplinary to the petitioner showed that Ricky “Kirby ” would attend as a witness on the petitioner’s behalf. The petitioner contends that as a result of this alleged misspelling of the witness’s name, Ricky Irby was not in attendance at the disciplinary hearing. The hearing officer noted that there was no inmate named Ricky Kirby at the correctional facility.
Due process requires that at a disciplinary hearing an inmate be afforded the qualified right to present witnesses on his behalf. Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). If, in fact, the appellant requested that Ricky Irby attend as a witness in his behalf, he was denied due process by the failure of the Department of Corrections to procure the witness’s attendance. See Young v. State, 584 So.2d 553 (Ala.Crim.App.1991); Thompson v. State, 548 So.2d 650 (Ala.Crim.App.1989).
This case is remanded to the circuit court with instructions that the court set aside its order of dismissal and grant the petitioner a *49 hearing on the merits of his petition. If the circuit court determines that the petitioner was denied the presence of a witness for a reason in violation of Wolff v. McDonnell, the petitioner is entitled to a new disciplinary hearing. Due return shall be made to this Court within 60 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.