The appellant, Robert Keith Catchings, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In his petition, the appellant challenged the legality of two separate convictions.
 I
The appellant was convicted pursuant to a guilty plea on March 12, 1982, for possession of marijuana, a violation of § 20-2-70, Code of Alabama 1975. He received a five-year sentence, but was placed on probation. The appellant contended 1) that his guilty plea was not voluntarily given, 2) that the trial court failed to establish a factual basis for his plea, 3) that the trial court exceeded its jurisdiction by accepting a defective plea, and 4) that his plea was to a misdemeanor offense, and the trial court exceeded its jurisdiction by imposing a five-year sentence.
The appellant's first three claims implicated the due process protections associated with a guilty plea that were set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969). Although Boykin issues may be raised in a post-conviction petition even when not raised on appeal, they are not jurisdictional issues. Thus, they are precluded from review if the petition is not filed within the two-year period specified in Rule 32.2(c). See Ex parte Cantu, 660 So.2d 1026
(Ala. 1994). Here, the appellant's petition was filed several years after the two-year limitations period elapsed. Consequently, the appellant's first three claims are precluded from review.
The appellant's fourth claim concerned whether a violation of § 20-2-70 was a felony or a misdemeanor. Section 20-2-70(a) stated in pertinent part[1]:
 "Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain . . . controlled substances . . . is guilty of a felony and . . . may be imprisoned for not less than two nor more than 15 years . . . provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor. . . ."
Under § 20-2-70, there was a presumption that an individual possessed marijuana for purposes other than personal use, and the accused bore the burden of proving otherwise. Barnett v.State, 373 So.2d 1226 (Ala.Cr.App. 1979), writ denied,373 So.2d 1230 (Ala. 1979). The appellant presented no evidence to support his assertion that his conviction was based on possession for personal use. Absent evidence to the contrary, the appellant's conviction is presumed to be a felony. Consequently, the five-year sentence was within the range allowed by that statute.
 II
The appellant was also convicted on March 23, 1989, for possession of marijuana in the first degree, a violation of § 13A-12-213. Upon application of the Habitual Felony Offender *Page 170 
Act, he received a 15-year sentence, but was again placed on probation. The appellant filed a post-conviction petition in which he contended 1) that the trial court was without jurisdiction to sentence him as an habitual offender, and 2) that he was denied effective assistance of counsel.
In his first claim, the appellant contended that his 1982 conviction should not have been used for enhancement under the Habitual Felony Offender Act because, he says, that conviction was not a felony conviction and because, he says, it was not an offense found within the criminal Code. However, as mentioned above, the appellant made no showing that the 1982 conviction was a misdemeanor. Furthermore, when the provisions of §20-2-70 were transferred to Title 13A, the Habitual Felony Offender Act was specifically made applicable to them. Act No. 87-603, Ala. Acts 1987, § 11, states that "[t]he provisions of this Act are to be included in the Code of Alabama 1975, as a part of Title 13A, 'Alabama Criminal Code,' and all provisions of Title 13A, including the Habitual Felony Offender Act, are applicable thereto." The appellant was correctly sentenced as an habitual offender.
The appellant's second claim is precluded from review by Rule 32.2(a)(5) upon the ground that it was capable of being raised on appeal. Further, the claim is outside the two-year limitation period specified in Rule 32.2(c).
For the foregoing reasons, the trial court's denial of the appellant's petition for post-conviction relief should be affirmed.
AFFIRMED.
All the Judges concur.
[1] Section 20-2-70 was repealed effective October 21, 1987, and the provisions of that section were made part of the Criminal Code.