COBB, Judge.
Vondale Parker, an inmate in the state prison system, appeals from the summary dismissal of his petition for a writ of habeas corpus. He was charged with violating Department of Corrections Admin. Reg. No. 53 (inciting to riot or rioting). After a prison disciplinary hearing, the appellant was found guilty of the charge by a prison disciplinary board. He was sentenced to the loss of four months good time, the loss of 30-days’ store and telephone privileges, 45 days of disciplinary segregation, and a referral for classification review.
In his petition, he claims that he was denied due process of law at his prison disciplinary proceedings because he was not permitted to call two witnesses in his behalf, and because he was not served the disciplinary report within 10 days of his arrest as required by the Department of Corrections Admin. Reg. No. 403 III. On the State’s motion, the trial court dismissed the habeas corpus petition without holding an evidentia-ry hearing. On appeal the appellant has again raised the issues he asserted in his petition. Additional issues raised on appeal were not presented to the trial court and, therefore, are not preserved for review. “An issue that was not timely raised at trial will not be considered on appeal.” Hansen v. State, 598 So.2d 1 (Ala.Cr.App.1991).
I.
The appellant contends that he was denied due process of law by being denied the right to call material witnesses to testify in his behalf at the prison disciplinary hearing. The disciplinary report discloses that the reason for the prison authorities’ refusal to grant the appellant’s request to have two witnesses testify was because both were “incarcerated at Fountain Correctional Center and not available to testify.” C.R. 11. The appellant was transferred from Fountain Correctional Center to Stanton Correctional Facility after the disciplinary charges were filed. The state’s motion to dismiss the petition states only that the denial was justified because the witnesses had been transferred.
“ ‘An inmate facing a disciplinary proceeding should be allowed to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.’ Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974).” Shelton v. State, 640 So.2d 39 (Ala.Cr.App.1993). In Shelton, this court stated,
“[I]f the sole reason for not making the witness available to the appellant at the disciplinary proceeding was that he had been transferred to another facility, that reason would be insufficient to meet the due process requirements of Wolff v. McDonnell. See Thompson v. State, 548 So.2d 650 (Ala.Cr.App.1989).”
640 So.2d at 40.
The record reflects that the appellant was denied the presence of the witness at the hearing because he was transferred from Fountain Correctional Center to Stanton Correctional Facility after the disciplinary charges were filed. It is therefore necessary to remand this case to the trial court for that court to hold a hearing to determine the reason or reasons the witness was not made available.
II.
The appellant contends that he was not served the disciplinary report within 10 days of his arrest as required by the Department of Corrections Admin. Reg. No. 403.-III.D. This regulation states, “The charge(s) should be filed and served within ten (10) calendar days after the inmate is arrested or charged.” The disciplinary report reflects that the incident occurred on April 19, 1996. C.R. 17. The appellant’s allegation that he was arrested and charged on this date is undisputed. The appellant was served a copy of the disciplinary report on May 11, *1281 1996. C.R. 17. This is well beyond the 10 days required by the regulation.
“It is well settled that a violation of an administrative regulation is not tantamount to a constitutional violation unless the regulation is mandated to protect a constitutional right. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). Particularly where the internal regulations merely facilitate the administrative internal agency policies and are not necessary to afford significant procedural protections, we do not insist on strict compliance. See Caceres.”
Ex parte Brown, 592 So.2d 621, 623 (Ala.1991). In Young v. State, 584 So.2d 553 (Ala.Cr.App.1991), Young contended on appeal that he had been denied due process of law because he was given notice of the charges 15 days after the alleged violations were reported, in violation of an administrative regulation that requires notice be given 10 days after the violations are reported. This court stated in Young that “[t]he 10-day time period prescribed by the prison regulations is precatory. Hence, the failure to notify Young within 10 calendar days after the violations ... were reported or discovered did not violate due process.” Young, supra. The failure to serve the disciplinary report on the appellant within 10 days of his arrest did not violate due process.
For the reason stated in part I, it was error for the trial court to dismiss the appellant’s petition. The judgment is reversed and the case remanded with instructions that the trial court set aside its order of dismissal and grant the appellant a hearing on the merits of his petition. If the trial court determines that the failure to have the witnesses present was for reasons other than those authorized by Wolff v. McDonnell, the appellant is entitled to a new disciplinary hearing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.