704 So.2d 104 (1997)
Clinton Samuel TEASLEY
v.
STATE.
CR-96-0889.
Court of Criminal Appeals of Alabama.
July 3, 1997.
Opinion on Return to Remand August 22, 1997.
Clinton Samuel Teasley, pro se.
Bill Pryor, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
BROWN, Judge.
Clinton Samuel Teasley filed a post-conviction petition pursuant to Rule 32, Ala. R.Crim.P., attacking his 1996 convictions for attempted rape in the first degree and kidnapping in the second degree, from which no direct appeal was taken. Those convictions were entered pursuant to guilty pleas. The prosecutor did not file a response to Teasley's petition and the circuit court summarily dismissed the petition with only an entry in the case action summary and a notation on the petition that it was "considered and denied." The state has requested that we remand this cause to the circuit court so that it can enter an order setting forth the reasons for its summary dismissal of the petition. Before we do so, however, we will narrow the claims that need to be addressed by the trial court. Our review of Teasley's petition and brief indicates that several claims are clearly precluded and addressing those matters would be a waste of the circuit court's time.
*105 In his petition, Teasley claims that the circuit court did not have jurisdiction to render a judgment or to impose sentence in his case because, he says, it failed to establish a factual basis for his guilty plea. However, the failure to establish a factual basis for a guilty plea is not jurisdictional; therefore, such a failure must be raised in the trial court, as stated above, or it is not preserved. See Moore v. State, 668 So.2d 100, 102 (Ala. Cr.App.1995) (the alleged failure to establish a factual basis for a guilty plea is not a defect that goes to its voluntariness; such a defect must be raised in the trial court or it is waived). See also Catchings v. State, 684 So.2d 168, 169 (Ala.Cr.App.1995) (guilty plea issues raised in a post-conviction petition under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), are not jurisdictional). Therefore, this claim is precluded by Rule 32.2(a)(3), as a claim that could have been, but was not, raised at trial.
In his brief to this court, Teasley claims that the trial court erred in not informing him at his sentencing hearing that he had 42 days in which to file his notice of appeal. This claim was not raised in his petition; therefore, it is not preserved for our review. Cf. Parker v. State, 687 So.2d 1279, 1280 (Ala.Cr.App.1996) (claims raised for the first time in appeal of denial of petition for writ of habeas corpus are not preserved for appellate review).
In his petition, Teasley claims that his guilty pleas were not voluntary because, he says, when he entered those pleas he was under the influence of a number of medications, including Prozac, lithium, and Valium and, consequently, he was unable to understand the nature of the charges against him and the consequences of pleading guilty to these charges. A challenge to the voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition filed within the two-year limitations period set forth in Rule 32.2(c), even though this claim could have been preserved for review on direct appeal by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial. Baker v. State, [Ms. CR-95-1071, November 22, 1996] ___ So.2d ___, ___ (Ala.Cr.App.1996).
In accordance with the state's request and established caselaw, we remand this cause with instructions that the circuit court enter an order dismissing the petition in which it shall set forth its reasons for dismissal.
"`If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.' Sheats v. State, 556 So.2d 1094,1095 (Ala.Cr.App.1989)."
Richmond v. State, 659 So.2d 973, 974-75 (Ala.Cr.App.1994) (other citations omitted). This order should address only the claims relating to the voluntariness of Teasley's guilty plea, including the claims of ineffective assistance of counsel that are related to these claims. If the circuit court finds that further action is necessary, it may hold an evidentiary hearing or take evidence by any means set forth in Rule 32, Ala.R.Crim.P. The circuit court shall make due return of its order and the transcript of any further proceedings within 42 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
BROWN, Judge.
On July 3, 1997, we remanded this case to the trial court to allow it to make written findings regarding its reasons for dismissing the appellant's petition for post-conviction relief. The trial court complied with our instructions and on return to remand, filed an order containing a written statement of its reasons for dismissing the appellant's petition. Specifically, the trial court set out in detail the reasons it rejected the appellant's contention that his guilty pleas were not voluntary.
Based on his personal knowledge of the events in question, the trial judge found the appellant's claims to be without merit and denied his petition for post-conviction relief. The petition for post-conviction relief was properly denied. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989). Accordingly, *106 the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.