Johnny Ray Waddle appeals from the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his two 1998 guilty-plea convictions for robbery in the third degree, and his resulting concurrent sentences, imposed after application of the Habitual Felony Offender Act, of 20 years' imprisonment for each conviction. Waddle did not appeal his convictions.
On August 3, 1999, Waddle filed the Rule 32 petition that is the subject of this appeal. In his petition, Waddle alleges (1) that he was denied effective assistance of counsel; (2) that the trial court lacked jurisdiction to accept his guilty pleas; (3) that his guilty pleas were involuntary; and (4) that he failed to appeal his convictions within the prescribed time through no fault of his own.
On September 13, 1999, the State filed a motion to dismiss Waddle's petition on grounds that Waddle had failed to meet either the specificity requirements of Rule 32.6(b), Ala.R.Crim.P., or the pleading requirements of Rule 32.3, Ala.R.Crim.P. In the alternative, the State alleged that anIreland form[1] executed by Waddle at the time of his guilty pleas, which the State attached to its motion, refuted Waddle's claim that his guilty pleas were involuntary. In its motion, the State did not specifically address the merits of Waddle's remaining claims.
On September 15, 1999, the circuit court summarily dismissed Waddle's petition, finding (1) that the petition failed to state a claim upon which relief could be granted; (2) that Waddle had failed to satisfy the pleading requirements of Rule 32.3, Ala.R.Crim.P.; and (3) that no material issue of fact or law existed that would entitle Waddle to relief.
 I.
Initially, we note that Waddle's contentions that he was denied effective assistance of counsel and that the trial court lacked jurisdiction to accept his guilty pleas were properly dismissed by the circuit court under Rule 32.7(d), Ala.R.Crim.P.
The whole of Waddle's ineffective-assistance-of-counsel claim is that his counsel "failed to apprise him and present his case in a favorable and proper manner." (C. 48.) He does not allege any *Page 369 
specific acts or omissions on the part of his counsel that he says constituted deficient performance. See Strickland v. Washington,466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) (in alleging ineffective assistance of counsel, a petitioner must "`identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment'"). See also Thomasv. State, 766 So.2d 860 (Ala.Cr.App. 1998). Thus, Waddle's ineffective-assistance-of-counsel claim amounts to nothing more than "a bare allegation that a constitutional right has been violated," Rule 32.6(b), Ala.R.Crim.P., and is insufficient to satisfy his burden of pleading "the facts necessary to entitle [him] to relief." Rule 32.3, Ala.R.Crim.P.
Furthermore, Waddle's contention that the trial court lacked jurisdiction to accept his guilty pleas because, he says, the trial court failed to establish a factual basis for the pleas, is not a jurisdictional claim. See Teasley v. State, 704 So.2d 104, 105
(Ala.Cr.App. 1997) ("the failure to establish a factual basis for a guilty plea is not jurisdictional; therefore, such a failure must be raised in the trial court . . . or it is not preserved"); Moore v.State, 668 So.2d 100, 102 (Ala.Cr.App. 1995) ("[t]he failure to establish a factual basis for a guilty plea is not a defect that goes to its voluntariness . . . it is a separate component of the plea process and the failure to do so must be raised in the trial court in order for the issue to be preserved"). Thus, because this claim could have been, but was not, raised at trial, it is precluded by Rule 32.2(a)(3), Ala.R.Crim.P.[2]
 II.
We find it necessary, however, to remand this cause to the circuit court for that court to examine the merits of Waddle's claims that his guilty pleas were involuntary and that he failed to appeal through no fault of his own.
In his petition, Waddle contends that his guilty pleas were involuntary because, he says, the trial court failed to inform him of the nature and elements of the charges against him and failed to inform him of the minimum and maximum sentences he could receive, in violation of Boykinv. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968), and Rule 14.4(a)(1)(i) and (a)(1(ii), Ala.R.Crim.P. It is well settled that a challenge to the voluntariness of a guilty plea may be raised for the first time in a timely filed Rule 32 petition. See Cantu v. State,660 So.2d 1026 (Ala. 1994); Baker v. State, 717 So.2d 859 (Ala.Cr.App. 1996). Waddle also contends in his petition that he failed to appeal his convictions because, he says, neither the trial court nor his counsel informed him of his right to appeal. See Burton v. State, 728 So.2d 1142
(Ala.Cr.App. 1997); Rule 26.9, Ala.R.Crim.P. ("[i]n pronouncing sentence, the court shall . . . [i]nform the defendant as to defendant's right to appeal").
Because the record does not contain a transcript of Waddle's guilty plea proceedings and a transcript is not otherwise available for this court to review, we are unable to determine the merits of Waddle's claims. Although the record does contain an Ireland form — signed by Waddle, his counsel, and the trial court — in which Waddle acknowledged that he *Page 370 
understood "the charge or charges against me" and "the punishment or punishments provided by law" and in which he was advised of his right to appeal, a signed Ireland form is, alone, insufficient to establish the voluntariness of a plea. In Twyman v. State, 293 Ala. 75, 81-82,300 So.2d 124, 130 (1974), the Alabama Supreme Court held that anIreland form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily and intelligently made, "provided there is other evidence in the record supporting that fact." Davis v. State, 348 So.2d 844, 846
(Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala. 1977) (emphasis in original). Rule 14.4(d), Ala.R.Crim.P., specifically allows an Ireland
form to be used to supplement the guilty-plea colloquy under Rule 14.4(a), Ala.R.Crim.P. if the trial court determines "from a personal colloquy with the defendant that the defendant has read, or has had read to [him], and understands each item" in the Ireland form. See also Tricev. State, 601 So.2d 180 (Ala.Cr.App. 1992) (although Ireland form contained in the record, lack of colloquy to determine defendant's understanding of form precluded finding of voluntariness of plea).
Absent a transcript of the guilty-plea proceedings, there is nothing in the record showing that the trial court undertook a "personal colloquy" with Waddle to establish that Waddle understood the Ireland form and the rights contained therein. Although the record indicates that the circuit judge who dismissed Waddle's petition was the same judge who had accepted Waddle's pleas, the circuit court, in its order dismissing the petition, did not address the merits of Waddle's claims that his guilty pleas were involuntary and that he was not advised of his right to appeal. Rather, the circuit court found that Waddle's petition was insufficiently specific, that it failed to state a claim, and that it failed to raise any material issue of fact or law that would entitle him to relief. Contrary to the circuit court's finding, however, Waddle's claims that his guilty pleas were involuntary and that he failed to appeal through no fault of his own were sufficiently specific to entitle him to relief if the facts alleged were true.
Accordingly, we must remand this cause to the circuit court for that court to address the merits of those claims and to enter specific findings of fact. On remand, the circuit court may, at its discretion, conduct an evidentiary hearing or take such other action as it deems necessary. We do not foreclose the possibility that the State may be able to demonstrate through a copy of the guilty plea proceedings, or through some other evidentiary means, that Waddle was, in fact, advised of the nature and elements of the crime to which he was pleading guilty, of the minimum and maximum sentences he could receive, and of his right to appeal. Moreover, "`"[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order."'" Teasley, supra at 105, quotingRichmond v. State, 659 So.2d 973, 974-75 (Ala.Cr.App. 1994).
For the foregoing reasons, this cause is remanded to the circuit court to make a determination on the merits of Waddle's claims concerning the voluntariness of his guilty pleas and whether he was advised of his right to appeal, and to enter specific findings of facts regarding those claims. Due return shall be filed with this court no later than 42 days from the date of this opinion. *Page 371 
REMANDED WITH DIRECTIONS.*
McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On May 19, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] See Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).
[2] Although the circuit court did not dismiss this claim on the ground that it was precluded, if the circuit court's ruling is correct for any reason, it is due to be affirmed. See Long v. State, 675 So.2d 532, 533
(Ala.Cr.App. 1996) ("`where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial'").