Lamarcus Kentez Harris appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his August 2003 conviction for murder, entered pursuant *Page 629 
to a guilty plea, and his resulting sentence of 25 years' imprisonment. He did not appeal.
Harris filed the present petition on May 17, 2004, raising several claims. After receiving a response from the State, the circuit court summarily denied Harris's Rule 32 petition on August 9, 2004, finding that there was no material issue of fact. For the reasons stated in Parts II and III of this opinion, we remand for further proceedings.
 I.
Harris contends that he was denied his right to compulsory process when the trial court denied a motion to continue his counsel filed on the day his trial was set to begin. This claim is barred by Rule 32.2(a)(5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed on appeal.
 II.
Harris further contends that his failure to file a direct appeal was through no fault of his own because, he says, immediately after he entered his guilty plea, his trial counsel told him that he could not appeal, that he had no grounds to support an appeal, and that an appeal would be a waste of time. According to Harris, the only reason he did not pursue an appeal was because of counsel's statement that he could not.[1]
The State did not specifically address this claim in its response to Harris's petition, and the circuit court did not address this claim in its order summarily denying Harris's petition. This claim is sufficiently pleaded under Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.; thus, we must remand this case for the circuit court to address the merits of this claim.
 III.
Harris also contends that his trial counsel was ineffective and that his guilty plea was involuntary.
Harris argues that his trial counsel was ineffective for not adequately preparing for trial by subpoenaing two eyewitnesses to the murder, Shamette Allen and Sheika L. Vinson, who he says identified someone other than himself as the shooter. In support of his contention, Harris attached to his petition copies of what purport to be written statements that Allen and Vinson had made to the Auburn Police Department the day after the murder, in which both identify Jela Marshall as the person who shot the victim. Additionally, Harris attached as exhibits to his petition three unissued subpoenas that he says he obtained from the file his trial counsel had maintained on him. Those unissued subpoenas list Harris as the defendant and indicated that the witnesses were to appear at trial on August 25, 2003 (the day Harris ultimately pleaded guilty), but the subpoenas did not list a witness's name. Harris maintains that these unissued subpoenas show his trial counsel's lack of effort to prepare for trial and that she never intended for the case to go to trial.
Harris also argues that his counsel's lack of preparation for trial rendered his guilty plea involuntary. According to Harris, *Page 630 
he wanted to go to trial and present the testimony of the above witnesses in order to prove his innocence, but because counsel failed to subpoena these witnesses for the trial, counsel advised him to plead guilty in exchange for a 25-year sentence and said that if he went to trial he would lose and probably receive the maximum sentence of 99 years' imprisonment. Thus, Harris concludes, counsel's ineffectiveness effectively forced him to plead guilty. Finally, Harris argues that his guilty plea was involuntary because, he says, he was never informed of the nature and elements of the charge against him. Harris maintains that, although he signed an Ireland form[2] before pleading guilty, which specifically states that he was advised of the nature and elements of the charge against him, neither his counsel nor the trial court ever explained to him the contents of the form.
In its response to Harris's petition, the State alleged that Harris's claims regarding counsel's effectiveness and the voluntariness of his plea were meritless, and it attached to its response the Ireland form signed by Harris as well as a form entitled "Defendant's Statement of Satisfaction of Services Rendered by Attorney," also signed by Harris, that it argued refuted Harris's claims. In its order summarily denying Harris's petition, the circuit court also relied on these forms in finding that there was no material issue of fact.
With respect to the voluntariness of Harris's plea, it is well settled that "a signed Ireland form is, alone, insufficient to establish the voluntariness of a plea." Waddle v. State,784 So.2d 367, 370 (Ala.Crim.App. 2000). "Rule 14.4(d), Ala.R.Crim.P., specifically allows an Ireland form to be used to supplement the guilty-plea colloquy under Rule 14.4(a), Ala.R.Crim.P., [but only] if the trial court determines `from a personal colloquy with the defendant that the defendant has read, or has had read to [him], and understands each item' in theIreland form." Id. In this case, the record does not contain a transcript of the guilty-plea colloquy, and the State did not refute Harris's allegations that he was never advised of the nature and elements of the charge against him and that the trial court failed to engage in a personal colloquy with him regarding the contents of the Ireland form. Therefore, we must remand this case for the circuit court to address the merits of Harris's claim regarding the voluntariness of his plea.
With respect to Harris's ineffective-assistance-of-counsel claim, the form entitled "Defendant's Statement of Satisfaction of Services Rendered by Attorney," although signed by Harris, is not sufficient to refute an ineffective-assistance claim. InStrickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Counsel's performance is viewed objectively; therefore, a defendant'ssubjective satisfaction with counsel's performance is irrelevant in determining whether counsel was ineffective. Other than the form signed by Harris, the State did not otherwise refute Harris's allegations regarding his counsel's alleged ineffectiveness or its impact on the voluntariness of Harris's plea.[3] Therefore, we must remand this *Page 631 
case for the circuit court to address the merits of Harris's ineffectiveness-assistance-of-counsel claim.
 IV.
Based on the foregoing, we remand this case for the circuit court to address the merits of Harris's claims (1) that his failure to appeal was through no fault of his own; (2) that his trial counsel was ineffective for not adequately preparing for trial; and (3) that because of counsel's alleged ineffectiveness and because he was never informed of the nature and elements of the charged offense his guilty plea was involuntary. The circuit court may conduct an evidentiary hearing or take evidence in the form of written affidavits, depositions, or interrogatories, and it shall issue specific written findings of fact regarding these claims. If the circuit court determines that Harris is entitled to relief on one or more of these claims, it may grant whatever relief it deems necessary. Due return shall be filed with this Court no later than 49 days from the date of this opinion. The return to remand shall include the circuit court's written findings of fact; a transcript of the evidentiary hearing, if one is conducted; any other evidence received or relied on by the court; and a transcript of the guilty-plea colloquy.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] We note that any direct appeal from his guilty plea would have been dismissed unless Harris had either reserved the right to appeal a certain issue before he entered his guilty plea or made a timely motion to withdraw his guilty plea. See Williamsv. State, 854 So.2d 625 (Ala.Crim.App. 2003). Although Harris did not allege in his petition that he had expressly reserved the right to appeal an issue before he entered his plea, he maintained that he discussed the possibility of an appeal with his attorney immediately "[a]fter the judge had left the bench" following the entry of his plea, well within the time for filing a motion to withdraw. (C. 34.)
[2] Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
[3] The State argued in its response that, although the two eyewitnesses referred to by Harris in his petition did not identify Harris as the shooter, there were other eyewitnesses who did identify Harris as the shooter and that it would have been the State's position at trial that both Harris and Jela Marshall, the person identified by the two eyewitnesses as the shooter, were involved in the shooting. However, what evidence the State would have presented had a trial been conducted does not address the question whether Harris's trial counsel adequately prepared for such a trial or what impact counsel's alleged lack of preparation had on the voluntariness of Harris's guilty plea.
* Note from the reporter of decisions: On June 17, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 632