[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 963 
James Murray appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his July 2004 guilty-plea convictions for trafficking in marijuana and failing to affix a tax stamp and his resulting sentences of life imprisonment and 10 years' imprisonment, respectively. Murray did not appeal.
Murray filed the present petition on October 22, 2004, raising several claims.[1] He filed an amendment to the petition on November 5, 2004. After receiving a response from the State, the circuit court summarily denied the petition, as amended, on January 11, 2005. For the reasons stated in Part IV of this opinion, we remand for further proceedings.
 I.
Murray contends that his sentence of life imprisonment for the trafficking conviction was illegal because, he says, the sentencing order and the case action summary do not show that he was sentenced under the Habitual Felony Offender Act ("HFOA") and the State did not present "certified court documents" to prove his prior convictions. (C. 60.)
To the extent that Murray is arguing that the State failed to prove his prior felony convictions, the alleged failure to adequately prove prior felony convictions used for sentence enhancement is not a jurisdictional issue; this claim is, therefore, procedurally barred by Rule 32.2(a)(5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed on appeal. See, e.g., Franks v. State, 819 So.2d 106
(Ala.Crim.App. 2001); Johnson v. State, 675 So.2d 85, 87
(Ala.Crim.App. 1995); Nichols v. State, 629 So.2d 51, 57-58
(Ala.Crim.App. 1993); and Harrell v. State, 555 So.2d 257, 262
(Ala.Crim.App. 1989). Likewise, to the extent that Murray is arguing that the record does not affirmatively reflect that he was sentenced under the HFOA, that claim also does not have jurisdictional implications and, thus, is also procedurally barred by Rule 32.2(a)(5).
To the extent that Murray is arguing that he was not, in fact, sentenced as a habitual offender because the HFOA was never invoked and applied, his claim is refuted by the case action summary. The case action summary shows that on March 16, 2004, the State filed a "Notice of State's Intent to Proceed Under Habitual Felony Offender Act." (C. 8.) Although the trial court's sentencing order does not specifically state that Murray was sentenced as a habitual offender, the notation on the *Page 964 
case action summary indicating the filing of the State's notice of intent to proceed under the HFOA is sufficient to show that the HFOA was both invoked and applied.
It appears that Murray had two prior felony convictions that were valid for enhancement purposes;[2] therefore, Murray's life sentence was within the statutory range and was not illegal. See § 13A-12-231(12), Ala. Code 1975 (providing that trafficking in marijuana is a Class A felony), and § 13A-5-9(b)(3), Ala. Code 1975 (providing that the sentence upon conviction of a Class A felony with two prior felony convictions is life or not less than 99 years' imprisonment). This claim was properly denied by the circuit court.
 II.
Murray contends that he was illegally sentenced to 10 years' imprisonment for the failure-to-affix-a-tax-stamp conviction because, he says, a term of imprisonment cannot be imposed for a violation of § 40-17A-4, Ala. Code 1975, which is not encompassed within the criminal code.
Section 40-17A-4, Ala. Code 1975, provides:
 "No dealer may possess, distribute, sell, transport, import, transfer, or otherwise use any marihuana or controlled substance upon which a tax is imposed by Section 40-17A-8 unless the tax has been paid on the marihuana or other controlled substance as evidenced by a stamp or other official indicia."
However, § 40-17A-9, Ala. Code 1975, provides:
 "(a) Any dealer violating this chapter is subject to a penalty of 100 percent of the tax in addition to the tax imposed by Section 40-17A-8. In addition to the tax and penalty imposed, a dealer failing to affix the appropriate stamps, labels, or other indicia is guilty of a Class C felony, and, upon conviction, may be punished as provided in the Alabama Criminal Code. Such penalty shall be cumulative to any other penalty or crime."
(Emphasis added.) Clearly, Murray's 10-year sentence was not illegal, and the circuit court properly denied this claim. See §13A-5-9(b)(1), Ala. Code 1975 (providing that the sentence upon conviction of a Class C felony with two prior felony convictions is the sentence for a Class A felony), and § 13A-5-6(a)(1), Ala. Code 1975 (providing that the sentence upon conviction of a Class A felony is not less than 10 years' imprisonment or more than life or 99 years' imprisonment).
 III.
Murray also contends that the trial court erred in not allowing him to dismiss his trial counsel on the day scheduled for trial and to obtain new counsel. This claim is procedurally barred by Rule 32.2(a)(5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed on appeal.
 IV.
Murray contends that his trial counsel was ineffective and that his guilty pleas were involuntary. Specifically, Murray argues that his trial counsel was unprepared for trial because, he says, counsel had not interviewed or subpoenaed any witnesses.[3]
According to Murray, his *Page 965 
counsel conceded on the date set for trial that he was unprepared, and Murray listed in his amended petition the names of individuals who were present on the date scheduled for his trial and who could verify that his trial counsel had confessed that he was not prepared. (C. 59.) Murray maintains that had counsel properly prepared for trial, he would have found witness Emmit Haney, who could have testified that neither the marijuana nor the car in which the marijuana was found belonged to Murray. Murray also argues that his counsel coerced him into pleading guilty by telling him that he would be sentenced to life imprisonment without the possibility of parole for the trafficking conviction if he were found guilty after a jury trial when, in fact, he could have been sentenced only to life imprisonment, the same sentence he received upon pleading guilty, because one of his three prior convictions was not a valid conviction for enhancement purposes.[4] According to Murray, although his counsel successfully challenged one of his three prior convictions, counsel told him that if he went to trial instead of pleading guilty, all three of his prior convictions would nevertheless be used to enhance his sentence to life imprisonment without the possibility of parole. Murray alleges that if his trial counsel had been prepared for trial and had not misinformed him about the sentence he could have received upon a conviction, he would not have pleaded guilty but would have proceeded to trial so that he could prove his innocence and that, therefore, his guilty pleas were involuntary.
Initially, we note that claims of ineffective assistance of counsel and challenges to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition. See, e.g., Ex parte Ingram, 675 So.2d 863, 866 (Ala. 1996) (the proper method for presenting a claim for ineffective assistance of trial counsel that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition); andCatchings v. State, 684 So.2d 168, 169 (Ala.Crim.App. 1995) (a challenge to the voluntariness of a guilty plea, although not jurisdictional, can be raised for the first time in a Rule 32 petition). Therefore, the circuit court erred in finding that these claims were barred by Rule 32.2(a)(3) and (5), Ala. R.Crim.P., because they could have been, but were not, raised and addressed at trial and on appeal. In addition, the circuit court's alternative finding that Murray had failed to satisfy his burden of proving his claim of ineffective assistance of counsel was also erroneous because Murray had no burden of proof at the pleading stage. As this Court stated in Ford v. State,831 So.2d 641 (Ala.Crim.App. 2001):
 "[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
831 So.2d at 644. In this case, Murray satisfied his burden of pleading pursuant to Rule 32.3 and Rule 32.6(b), Ala. R.Crim.P. *Page 966 
Moreover, the State did not refute Murray's specific claims in its response to Murray's petition. The State made a general denial of Murray's claim of ineffective assistance of counsel, arguing that the claim was meritless because when Murray entered his guilty pleas he signed a form, which the State referred to as "Court's Exhibit B" (C. 75),[5] indicating that he was satisfied with his counsel's representation. However, as this Court explained in Harris v. State, 916 So.2d 627
(Ala.Crim.App. 2005):
 "With respect to Harris's ineffective-assistance-of-counsel claim, the form entitled `Defendant's Statement of Satisfaction of Services Rendered by Attorney,' although signed by Harris, is not sufficient to refute an ineffective-assistance claim. In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. Counsel's performance is viewed objectively; therefore, a defendant's subjective
satisfaction with counsel's performance is irrelevant in determining whether counsel was ineffective."
916 So.2d at 630. The State also made a general denial of Murray's claim that his guilty pleas were voluntary, arguing that Murray's execution of what the State referred to as "Court's Exhibit A" (C. 76),[6] the standard Ireland
form,[7] showed that Murray had been properly informed of the nature of the charges and the consequences of the plea. "[A] signed Ireland form is, alone, insufficient to establish the voluntariness of a plea," Waddle v. State, 784 So.2d 367, 370
(Ala.Crim.App. 2000). "Rule 14.4(d), Ala.R.Crim.P., specifically allows an Ireland form to be used to supplement the guilty-plea colloquy under Rule 14.4(a), Ala.R.Crim.P., if the trial court determines `from a personal colloquy with the defendant that the defendant has read, or has had read to [him], and understands each item' in the Ireland form." Id. The record in this case does not contain a transcript of the guilty-plea colloquy. More importantly, though, the State's general allegation that Murray understood the nature of the charges and the consequences of his pleas does not address the specific challenge Murray makes to the voluntariness of his pleas — that his counsel's alleged misinformation effectively coerced him into pleading guilty.
Therefore, we remand this case for the circuit court to address the merits of Murray's claims (1) that his trial counsel was ineffective for not adequately preparing for trial; and (2) that his guilty pleas were involuntary because of counsel's alleged ineffectiveness and because his counsel misinformed him that the maximum sentence he could receive upon conviction after a jury trial was life imprisonment without the possibility of parole. The circuit court may conduct an evidentiary hearing or take evidence in the form of written affidavits, depositions, or interrogatories, and it shall issue specific written findings of fact regarding these claims. If the circuit court determines that Murray is entitled to relief on one or more of these claims, it may grant whatever relief it deems necessary. Due return shall be *Page 967 
filed with this Court no later than 49 days from the date of this opinion. The return to remand shall include the circuit court's written findings of fact; a transcript of the evidentiary hearing, if one is conducted; any other evidence received or relied on by the court; a transcript of the guilty-plea colloquy; and Court's Exhibits A and B, which the State alleges were executed by Murray when he entered his guilty pleas.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.
[1] In his reply brief, Murray raises several claims that were not raised either in his petition or in his original brief on appeal. We have reviewed his jurisdictional claim regarding the sufficiency of the indictment and find it to be without merit. As to the nonjurisdictional claims raised in his reply brief, we note that those claims are not properly before this Court for appellate review. See, e.g., Woods v. State, 845 So.2d 843, 846
(Ala.Crim.App. 2002) ("an appellant may not raise a new issue for the first time in a reply brief"); Arrington v. State,716 So.2d 237, 239 (Ala.Crim.App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").
[2] See Part IV of this opinion.
[3] Murray also alleged in his petition that counsel had not met with Murray to prepare him for his testimony at trial and had not filed any pretrial motions. However, Murray failed to plead any specific facts to support these allegations as required by Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P. Therefore, summary denial of these allegations was proper.
[4] We note that the State conceded in its response to Murray's petition that one of Murray's three prior felony convictions was, in fact, determined not to be a valid prior conviction for enhancement purposes. (C. 75.)
[5] The Rule 32 record does not contain a copy of "Court's Exhibit B."
[6] "Court's Exhibit A" is also not contained in the Rule 32 record.
[7] Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
* Note from the reporter of decisions: On August 19, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.