Marcus Wayne Johnson appeals from the circuit court's summary denial of his Rule 32, Ala. R.Crim. P., petition for post-conviction relief. The petition challenged Johnson's October 18, 2005, guilty-plea convictions for trafficking in marijuana and his resulting sentences of 25 years' imprisonment. Johnson did not appeal.
Johnson filed the instant petition on February 27, 2006. In the petition, Johnson alleged:
 (1) that his guilty plea was involuntary because, he said:
 (a) neither the court nor trial counsel informed him of the minimum and maximum range of punishment;
 (b) he never understood the nature of the charges against him, and his *Page 1166 
trial counsel failed to explain why a jury trial was not pursued;
 (c) the circuit court accepted his plea of guilty without properly ascertaining a factual basis;
 (d) the relevant portions of Rule 14.4, Ala. R.Crim. P., were not explained to him before he entered his guilty plea;
 (e) his trial counsel merely informed him that a jury trial could result in a sentence of life imprisonment;
 (f) he has been denied access to a copy of the sentencing colloquy;
 (g) his claim is not procedurally barred and he is entitled to an evidentiary hearing; (2) that his trial counsel failed to inform him that he could move to withdraw his guilty plea;
 (3) that the circuit court failed to adhere to the rules governing sentencing proceedings pursuant to Rule 26.6(b)(2),
 Ala. R.Crim. P.;
 (4) that he would not have entered a plea of guilty had he been given an accurate evaluation of the range of punishment;
 (5) that the circuit court failed to inform him of any lesser-included offenses a jury might have been entitled to consider;
 (6) that his trial counsel advised him that entering a guilty plea and receiving a 25-year sentence would make him eligible for work release and similar programs;
 (7) that the circuit court failed to comply with Rule 26.9, Ala. R.Crim. P.;
 (8) that his trial counsel was ineffective for:
 (a) failing to properly advise him of the minimum and maximum sentences he could receive;
 (b) failing to advise him that he could appeal the decision of the circuit court or move to withdraw his guilty plea; and
 (c) failing to adequately investigate the case before advising him to enter a guilty plea.
The State filed a motion to dismiss, asserting that Jackson's claims were without merit and that they were precluded by Rule 32.2(a)(5), because they could have been, but were not, raised and addressed on appeal, and because Jackson's allegations were insufficient to satisfy the pleading requirements of Rules 32.3 and 32.6(b). The circuit court issued an order denying the petition based upon the grounds raised in the State's motion to dismiss.
The State concedes that the circuit court issued an order denying the petition without making specific findings of fact relating to the specific claims Johnson raised in his petition. Having reviewed the record on appeal, we agree.
The circuit court erred in finding that Johnson's claims were procedurally barred. It is well settled that "claims of ineffective assistance of counsel and challenges to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition." Murray v.State, 922 So.2d 961, 965 (Ala.Crim.App. 2005). Here, neither the State's motion to dismiss nor the circuit court's order specifically address Johnson's allegations. Thus, Johnson's claims were not precluded.
Based on the foregoing, we must remand this case for the circuit court to allow Johnson an opportunity to present evidence to support his allegations (1) that his guilty plea was not knowingly and voluntarily entered and (2) that he was denied the effective assistance of trial counsel. On remand, the court shall either conduct an evidentiary hearing or accept *Page 1167 
evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Johnson's claims and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the release of this opinion and shall include a transcript of the guilty-plea colloquy, the circuit court's written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On February 15, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.